815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glen M. FALLIN, Appellant,
and
Katherine N. Valeson, Plaintiff,
v.
Mary D. HARRISON, President, Board of County Commissioners
of Calvert County, Maryland; C. Bernard Fowler, Member,
Board of County Commissioners of Calvert County, Maryland;
Garner T. Grover, Member, Board of County Commissioners of
Calvert County, Maryland; David M. King, Member, Board of
County Commissioners of Calvert County, Maryland; Board of
County Commissioners of Calvert County, Maryland; Jack G.
Upton, Administrative Director, Board of County
Commissioners of Calvert County, Maryland; John M. Gott,
Sr., In His Official Capacity As A Member of the Board of
County Commissioners of Calvert County, Maryland; Jesse J.
Reid, In His Official Capacity As A Member of the Board of
County Commissioners of Calvert County, Maryland, Defendants-Appellees,
and
H. Gordon Trueman, Member, Board of County Commissioners of
Calvert County, Maryland, Defendant.
 No. 86-3647.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1987.
Decided March 16, 1987.
 
 Before RUSSELL, HALL and PHILLIPS, Circuit Judges.
 Glen M. Fallin, appellant pro se.
 George M. Chuzi, June D. W. Kalijarvi, Kalijarvi & Chuzi, PC, for Appellees.
 PER CURIAM:
 
 
 1
 Before us is the appellees' motion to dismiss this appeal from the district court's order awarding attorney's fees to Mr. Fallin, the plaintiff's former counsel. We grant the motion and dismiss this appeal because the appeal is premature.
 
 
 2
 On 3 October 1986 the district judge entered an order directing the appellees to pay certain monies to Fallin for legal fees and expenses incurred during the course of the litigation below. On 16 October the plaintiff's new counsel made a motion to modify that order. Because this motion was filed within ten days of the entry of the order, as computed under Fed. R. Civ. P. 6(a), it should be treated as a motion under Fed. R. Civ. P. 59, however it is labeled. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).
 
 
 3
 When Fallin filed his notice of appeal, the district court had not disposed of the plaintiff's Rule 59 motion. Under Fed. R. App. P. 4(a)(4), a notice of appeal filed before disposition of a Rule 59 motion "shall have no effect." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). The time for appeal "for all parties" shall run from the entry of an order disposing of the Rule 59 motion. Fed. R. App. P. 4(a)(4). We must therefore dismiss this appeal for lack of jurisdiction.
 
 
 4
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.