816 F.2d 673
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willard E. CUPP, Defendant-Appellant.
 No. 86-7366.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 5, 1987.
Decided April 13, 1987.
 
 Willard E. Cupp, appellant pro se.
 Breckinridge Long Willcox, United States Attorney, for appellee.
 Before WIDENER, PHILLIPS, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willard Cupp pled guilty to interstate transportation Cupp pled guilty to interstate transportation of stolen goods and aiding and abetting. 18 U.S.C. Sec. 2314 and Sec. 2. He subsequently filed a Rule 35 motion to reduce his sentence, which the district court denied. Cupp then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. The district court denied that motion on November 5, 1986.
 
 
 2
 On November 12, Cupp filed in the district court both a notice of appeal and a motion for reconsideration. The district court treated the submission as only a notice of appeal, and sent the record to this Court.
 
 
 3
 Fed. R. Civ. P. 59(e) provides, in pertinent part: "(e) Motion to Alter or Amend Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." Cupp clearly filed within the 10-day period. This Court has held that a motion filed within 10 days of the entry of judgment that challenges the correctness of that judgment should be treated as a Rule 59(e) motion, regardless of how it is styled. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).
 
 
 4
 The timely filing of a motion for reconsideration nullifies a notice of appeal. Griggs v. Provident Consumer Discount co., 459 U.S. 56 (1982). A timely Rule 59 motion tolls the running of the time limit in which to note an appeal. The appeal is not properly before this Court until the district court has ruled on the motion and Cupp files a notice of appeal within the 60-day period after entry of the order disposing of the Rule 59 motion.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, dismiss the appeal, and remand the case to the district court for a ruling on the Fed. R. Civ. P. 59(e) motion.
 
 
 6
 REMANDED.