818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin Edward SMITH, Defendant-Appellant.
 No. 86-7731.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 3, 1987.
Decided May 5, 1987.
 
 Alvin Edward Smith, appellant pro se.
 Larry Robert Ellis, Assistant United States Attorney, for appellee.
 S.D.W.Va.
 REMANDED.
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (C/A No. 85-865; Cr. No. 84-50007-02)
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Alvin Edward Smith appeals the district court's dismissal of his motion to vacate his sentence brought pursuant to 28 U.S.C. Sec. 2255. The case was referred to a magistrate for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1)(B). In a report entered March 25, 1986, the magistrate recommended that the case be dismissed. The report included a notice of the time limits within which to object to the report and the consequences for appellate review of a failure to object. No objections were filed. Instead, Smith filed a motion to amend his Sec. 2255 motion. On October 27, 1986, the district court adopted the magistrate's report, dismissed the case, and denied the motion to amend the motion. On November 5, 1986, the court filed a document submitted by Smith entitled "Certificate for Probable Cause, and/or for Re-consideration." In the document Smith questioned the correctness of the judgment. The certificate of service attached to the document indicated that it had been served on defendant's counsel by mail on November 3, 1986. See Fed. R. Civ. P. 5(b) (service by mail is complete upon mailing). The district court did not act on the document.
 
 
 2
 Because the November 3rd document was served within ten days of entry of judgment and called into question the correctness of the judgment it should be treated as a motion under Fed. R. Civ. P. 59(e) regardless of how it is styled. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). A timely Rule 59 motion tolls the running of the time limit in which to note an appeal. A notice of appeal filed before the disposition of the motion has no effect. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Fed. R. App. P. 4(a)(4). The appeal is not properly before this Court until a ruling has been made on the motion and a timely notice of appeal is filed within the sixty-day period after the date the order is entered disposing of the Rule 59 motion.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, We dispense with oral argument, dismiss the appeal as premature and remand the case to the district court for a ruling on the Fed. R. Civ. P. 59 motion.
 
 
 4
 REMANDED.