836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NORTH CAROLINA MONROE CONSTRUCTION COMPANY, Plaintiff,
v.
BWB ASSOCIATES, INC. real party in interest Northbrook
Excess Insurance Company, Defendant & Third Party
Plaintiff-Appellee,
UMIC HOUSING DEVELOPMENT CORPORATION, G.O. Bledsoe, Inc., Defendants.
v.
PICKERING, WOOTEN, SMITH & WEISS, Third Party Defendant-Appellant.
 No. 87-1144.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Dec. 15, 1987.
 
 William Edward Mohler, II, for appellants.
 John S. Haight, for appellees.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM.
 
 
 1
 North Carolina Monroe Construction Company originally filed this breach of contract action against UMIC Housing Development Corporation, Gary Bledsoe, Inc., and BWB Associates, Inc. (BWB). Subsequently, BWB filed a third party complaint against Pickering, Wooten, Smith & Weiss (Pickering). On January 28, 1987, the district court dismissed the action as to the original plaintiff and defendants but maintained the third party action on the docket for further proceedings. After a bench trial, the district court entered a judgment awarding BWB $150,000 plus costs on June 25, 1987. The judgment order stated that the court would later submit findings of fact and conclusions of law. On July 2, 1987, BWB filed a motion to reopen and amend the court's judgment of June 25. On July 17, 1987, Pickering filed a notice of appeal. BWB has filed a motion to dismiss asserting that the notice of appeal is premature due to the pending motion to reopen and amend.
 
 
 2
 We dismiss the appeal due to our lack of jurisdiction. Under the Federal Rules of Civil Procedure, a party has 10 days from entry of judgment to move the district court to amend or make additional findings, Fed. R. Civ. P. 52(b), or to alter or amend its judgment, Fed. R. Civ. P. 59(e). See also Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). If a timely motion is filed under Rule 52(b) or Rule 59(e), a notice of appeal filed before disposition of such a motion "shall have no effect." Fed. R. App. P. 4(a)(4). As BWB's motion to amend was filed within 10 days of entry of judgment, we find, pursuant to Fed. R. App. P. 4(a)(4), that Pickering's notice of appeal filed prior to disposition of the motion is without effect.
 
 
 3
 Because the dispositive issues have been decided authoritatively, we dispense with oral argument and dismiss the appeal for lack of jurisdiction.
 
 
 4
 DISMISSED.