902 F.2d 1567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eddie WILLIAMS, Plaintiff-Appellant,
v.
J. H. GRIFFIN, Superintendent; J. C. Harris, Jr., Area
Administrator; Aaron J. Johnson, Secretary of
Corrections, Defendants-Appellees.
 No. 89-6409.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 22, 1989.
Decided April 20, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Hiram H. Ward, Senior District Judge. (C/A No. 88-1006-R)
 Eddie Williams, appellant pro se.
 Lucien Capone, III, Assistant Attorney General, Raleigh, N.C., for appellees.
 M.D.N.C.
 REMANDED.
 Before WIDENER, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eddie Williams, a South Carolina inmate, appeals the district court's order granting summary judgment for the defendants in his 42 U.S.C. Sec. 1983 civil rights action. We remand for further proceedings.
 
 
 2
 Following the district court's order and judgment of October 2, 1989, Williams filed simultaneously a "motion to vacate judgment" and a notice of appeal. Both are dated October 9, 1989; however, the envelope they were mailed in is postmarked October 30, 1989. The record does not reveal whether the motion was also served on the defendants and, if so, when it was served.
 
 
 3
 Because the motion to reconsider questions the correctness of the district court's judgment, it should be construed as a motion to alter or amend the judgment pursuant to Rule 59(e) if it was filed and served within ten days of judgment. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). A notice of appeal filed before disposition of a Rule 59 motion is a nullity and does not invoke a circuit court's subject matter jurisdiction. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Fed.R.App.P. 4(a)(4).
 
 
 4
 If the motion is a Rule 60(b) motion, however, this Court has jurisdiction over the appeal and the district court is divested of jurisdiction to grant the motion. See 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.30 (2d ed. 1987); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2873 (1973 & 1987 Supp.); Williams v. McKenzie, 576 F.2d 566, 570 (4th Cir.1978).
 
 
 5
 Under Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428), filing and service are completed when a prisoner delivers a notice of appeal or post-judgment motion to prison officials for forwarding to the district court. Williams' motion for reconsideration does not disclose whether he gave prison officials a copy to be mailed to the defendants at the same time one was mailed to the district court. The record is also unclear as to the date Williams gave the motion and notice of appeal to prison officials for mailing--there is a significant discrepancy between the date on the motion (October 9) and the date of the postmark (October 30).
 
 
 6
 Because the date on which Williams gave the motion and notice of appeal to prison officials is important and is unresolved by the record, as is the question of whether Williams served the motion on the defendants, we remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 7
 REMANDED.