33 F.3d 53
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert A. ZANDER; Karin Kirksey Zander, Plaintiffs Appellants,
v.
Robert M. NAU, a Professional Corporation; Robert M. NAU,
an Individual, Defendants Appellees,
and WESTERN OIL & REFINING COMPANY, INCORPORATED; Tanner
Square Associates, Incorporated; Tanner Square
Associates I, Incorporated, Defendants.
 No. 93-1588.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994
Decided: August 22, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge. (CA-90-627-CIV-5-D)
 Robert A. Zander, Karin Kirksey Zander, Appellants Pro Se.
 James Anthony Penry, Petree, Stockton, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order that granted default judgment against the additional corporate parties, granted summary judgment to the Defendants on their counterclaim for the sum of $137,568.94, and granted summary judgment to the Defendants on each of Appellants' claims in their complaint. Appellants also appeal the court's denial of reconsideration of that order. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Zander v. Nau, No. CA-90-627-CIV-5-D (E.D.N.C. Oct. 13, 1992; Apr. 1, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We deny the Appellees' Motion to Dismiss this appeal. The Zanders served their motion for reconsideration within ten days of the entry of final judgment. The motion, therefore, should have been construed under Fed.R.Civ.P. 59. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). After such a motion is filed, the time for appeal does not begin to run until the order dispensing with the motion is entered. Fed. R.App. P. 4(a)(4). Since the court entered its order denying the motion on April 1, 1993, the Zanders' April 30 notice of appeal was timely