66 F.3d 316
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dawud Majid MU'MIN, a/k/a/ David Michael Allen, Petitioner-Appellant,
v.
Charles E. THOMPSON; Edward W. Murray, Respondents-Appellees.
 No. 94-7483.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 9, 1995.
Decided: Sept. 14, 1995.
 
 Andrew Eric Kauders, Jr., McGUIRE, WOODS, BATTLE & BOOTHE, Richmond, VA, for Appellant.
 John H. McLees, Jr., OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, VA, for Appellees.
 Before WILKINSON, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dawud Majid Mu'min appeals from district court's orders dismissing his 28 U.S.C. Sec. 2254 (1988) petition and denying his motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). Both orders are properly before this Court. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). We deny a certificate of probable cause and dismiss the appeal.
 
 
 2
 Mu'min first complains that the district court improperly found that he failed to bring before state courts a due process claim regarding an alibi instruction. First, we find that the district court did not err in finding that the due process claim was brought for the first time in a supplemental brief to Mu'min's federal habeas petition that was filed in response to a motion to dismiss. Only scant reference to a due process claim was present in the state petition and the initial federal petition; neither the district court nor the state court was bound to advocate the claim on the sparse basis provided in the petitions. Beaudett v. City of Hampton, 775 F.2d 1274, 1279 (4th Cir.1985), cert. denied, 475 U.S. 1088 (1986). Further, even assuming that the claim was in fact raised in the state habeas petition, Mu'min defaulted the claim when he failed to appeal its denial to the Virginia Supreme Court, where he challenged only the state court's finding that there was no ineffective assistance of counsel in failing to object to the instruction. Whitley v. Bair, 802 F.2d 1487, 1501-02 (4th Cir.1986) (failure to appeal issue is default), cert. denied, 480 U.S. 951 (1987). This is an independent procedural bar to federal consideration of the claim.
 
 
 3
 Because Mu'min defaulted as to the due process claim, he must show cause and prejudice or actual innocence to circumvent the procedural bar. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986). Mu'min makes no credible assertion of innocence. And it was Mu'min's own failures that caused the default. Thus, he cannot show cause for the default. Murray, 477 U.S. at 488. Therefore, the district court properly refused to consider the merits of the due process claim.
 
 
 4
 Mu'min also claims that the district court erred in finding a sufficiency of the evidence claim procedurally barred. The district court itself, in the order denying the motion to reconsider, found the procedural bar inapplicable and proceeded to the merits of the claim. Mu'min fails to point to any error in the district court's holding on the merits of the sufficiency claim. Nonetheless, we have reviewed the decision for error. We find none. While the evidence at trial was circumstantial, there was testimony linking Mu'min to the scene of the crime; linking stolen personal effects of the victim to Mu'min; and linking a .357 Magnum revolver Mu'min owned to the bullet wounds of the victim. Thus, the evidence was sufficient for a reasonable trier of fact to find all the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 We deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED