Herman T. DOVE, Appellant,

v.

CODESCO, formerly known as Washington Dental Supply Company, Appellee.

No. 76–2462.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1977.

Decided Jan. 18, 1978.

Ellis M. Saull, Willow Grove, Pa. (Emily Miller Rody, Rody & Rody, Baltimore, Md., on brief), for appellant.

Susan S. Sauntry, Washington, D. C. (Fred F. Fielding, Morgan, Lewis & Bockius, Washington, D. C., H. Thomas Howell, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

WINTER, Circuit Judge:

This is an appeal by Herman T. Dove from an order by the district court dismissing his suit to recover damages against his former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Dismissal was ordered because of the failure of plaintiff's counsel to attend a pretrial scheduling conference. Because we believe that this "case presents an instance for the imposition of lesser sanctions than the ultimate penalty of dismissal," *Bush v. United States Postal Service,* 496 F.2d 42, 45 (4 Cir. 1974), we reverse and remand with instructions to restore the case to the district court calendar and to impose the lesser penalties which we prescribe.

## I.

On December 30, 1975, Herman T. Dove received notice from the Equal Employment Opportunity Commission denying his claim of racial discrimination against his former employer, CODESCO (formerly Washington Dental Supply Company) with regard to wages, training and discharge. In exercise of the right of action granted by § 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), Dove filed suit in the United States District Court for the District of Columbia on March 9, 1976, well within the 90-day limitation period imposed by the statute.[1] Defendant CODESCO moved to dismiss on

several grounds, including improper venue. While declining to reach the substantive issues raised by defendant's motion to dismiss, the district court did find venue to be improper and, pursuant to 28 U.S.C. § 1404(a), transferred the action to the District of Maryland.

On May 19, 1976, the Clerk of the Court for the District of Maryland informed both parties that they must engage resident counsel as required by Local District Rule 3. Both parties complied, and a Baltimore lawyer and member of the Maryland bar entered her appearance for plaintiff.

On August 26, 1976, the district judge to whom the case had been assigned informed resident counsel by letter that a scheduling conference would be held on September 30 at 4:30 p. m. In reliance on Local District Rule 35(b), the district judge sent notice to resident counsel only.[2] Plaintiff's local counsel acknowledges that she received this notice; however, because she was unaware of her responsibility under Rule 35(b) to notify non-resident counsel of pretrial conferences, she took no action, assuming instead that Dove's Washington counsel had been notified and, as chief counsel in the case, would attend. On September 30, counsel for CODESCO presented themselves in the district judge's chambers to attend the conference. When no attorney appeared on plaintiff's behalf, the district judge ordered that the case be dismissed.

Following a letter from plaintiff's local counsel explaining her neglect in informing Dove's Washington counsel, the district judge amended his order on October 11, 1976, to indicate that the dismissal was to be *without* prejudice. On October 18, 1976, plaintiff filed a motion to set aside the order of dismissal on the theory that, be-

---

1. Section 706(f)(1) provides in pertinent part that: "If a charge filed with the Commission . . . is dismissed by the Commission . . ., the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ." 42 U.S.C. § 2000e–5(f)(1).

2. Local District Rule 35, "Pretrial Procedure," authorizes the district court to direct attorneys to appear before it for pretrial conferences. Subsection (b), governing notice, states:
   "Upon the designation of a case for pretrial conference, the Court or Clerk shall mail or otherwise deliver a 'Notice of Pretrial Conference' to the attorneys of record . . . .; such notice need be furnished only to Maryland counsel unless a judge shall otherwise order."

cause the 90-day limitation period applicable to Dove's Title VII claim had expired, a dismissal without prejudice as effectively barred any future litigation of Dove's claim as a dismissal with prejudice. While recognizing that "[a] dismissal is not taken lightly and . . . that such action can, in some cases, affect the legal rights of parties," the district judge nonetheless denied plaintiff's motion. On November 12, this appeal was filed.

## II.

At the threshold, CODESCO contends that we lack jurisdiction to review the district court's order of dismissal because plaintiff's appeal was filed more than thirty days after the district court's order became final. Fed.R.App.P. 4(a). At most, so its argument runs, we can review only the district court's subsequent refusal to set aside the order of dismissal. CODESCO urges that this is a distinction with a difference in that the permissible scope of our review in this case would be significantly reduced were we limited to reviewing only the denial of the plaintiff's post-judgment motion. *See Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573 (4 Cir. 1973).

The factual predicate for CODESCO's argument is that plaintiff styled his October 18 motion as one "to set aside the order of dismissal" pursuant to Fed.R.Civ.P. 60(b). That rule authorizes the court, on motion of the unsuccessful party, to grant relief from final judgment. While Rule 60(b) permits a motion made thereunder to be made within a reasonable time or within one year after the entry of final judgment, depending upon the ground of the motion, it does not toll the 30-day appeal period imposed by Fed.R.App.P. 4(a). Plaintiff now contends that, notwithstanding his express reliance on Rule 60(b) in making the post-judgment

motion, we should construe the motion as having been made pursuant to Fed.R.Civ.P. 59(e). That motion, if timely made, does operate to toll the 30-day appeal period. Fed.R.App.P. 4(a).

■ While not condoning the misstyling of motions, we nonetheless agree that if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled. *See Carson v. American Savings Life Insurance Co.,* 15 Fed.Rules Serv.2d 1326 (4 Cir. 1972). This holding is consistent with the functional approach to procedure taken by the draftsmen of the federal rules. It is likewise consistent with the interpretation given Rule 59(e) by the commentators, 9 Moore, Federal Practice § 204.12(1) at 951 (1975); 11 Wright & Miller, Federal Practice and Procedure § 2817 at 110–11 (1973); and a majority of the federal courts. *See, e. g., Moore v. St. Louis Music Supply Co., Inc.,* 526 F.2d 801 (8 Cir. 1975); *Sonnenblick-Goldman Corp. v. Nowalk,* 420 F.2d 858 (3 Cir. 1970); *American Family Life Assurance Co. v. Planned Marketing Associates, Inc.,* 389 F.Supp. 1141 (E.D.Va.1974).

■ Plaintiff filed his motion requesting the district court to set aside its dismissal order on October 18, 1976, seven days after the entry of final judgment. Because the motion was timely filed and called into question the correctness of the judgment, we construe the motion as one taken under Rule 59(e). So construed, the motion tolled the appeals-limitation period of Fed.R. App.P. 4(a).

## III.

We next consider the appropriateness of the dismissal order itself.[3] In urging that

---

**3.** While on its face the district court's order as amended dismissed plaintiff's suit without prejudice, there is no doubt that plaintiff would run a substantial risk of forever losing his right of action under Title VII if we were to affirm the court's order. The general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all. A corollary to that rule is that, absent a savings

clause in the statute, the applicable limitations period is not tolled during the pendency of a suit later dismissed without prejudice. *See Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191, 1194 (8 Cir. 1976). Without deciding whether this corollary is fully operable in the context of Title VII suits, we will assume the prejudical effect of the dismissal for the purposes of this appeal.

we affirm the district court's order, CO-DESCO relies heavily on *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), where the Supreme Court held that a district court has the inherent power to dismiss a case *with* prejudice for failure of counsel to attend a pretrial conference. In so holding, the Court made clear that the fact that the dismissal adversely affects the legal rights of the client does not in itself negate the power. 370 U.S. at 633, 82 S.Ct. 1386. Lower courts, however, have not viewed *Link* as announcing a mechanical or automatic rule. *Riezakis v. Loy*, 490 F.2d 1132, 1135 (4 Cir. 1974). While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint. "Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits." *Id.* Indeed, it has been the view of this and other courts of appeals that the dismissal power should be exercised "only on the face of a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5 Cir. 1967); *Reizakis v. Loy, supra*, at 1135. *See also Bush v. United States Postal Service, supra*, at 44.

 A holding which limits the exercise of the dismissal power to situations in which there is clear evidence of deliberate delay on the part of the plaintiff is entirely consistent with the facts underlying the *Link* decision. It was a diversity action to recover damages for personal injuries sustained in a collision between plaintiff's automobile and one of defendant's trains. At the time of the scheduled pretrial conference, the action had been pending on the district court's docket for six years. Plaintiff's dilatoriness in prosecuting the case was well-documented. 370 U.S. at 634 n. 11, 82 S.Ct. 1386, 1391. "Against this background, it is hardly surprising that the District Court concluded that the failure to appear for a pretrial conference was merely another delaying tactic." *Id.* The Supreme Court concluded that under such cir-

cumstances the district court was entirely justified in terminating the litigation on its own motion. In so holding, however, the Court made clear that it was *not* deciding "whether unexplained absence from a pretrial conference would *alone* justify a dismissal . . . if the record showed no other evidence of dilatoriness on the part of the plaintiff." 370 U.S. at 634, 82 S.Ct. at 1391.

 While the record in the instant case discloses a number of minor defaults, there is nothing which can be construed as evidence of deliberate delay on the part of Dove or his attorneys. While we in no way excuse the failure of plaintiff's local counsel to familiarize herself with local rules and practice, we think that the sanction of dismissal was overly harsh and, therefore, an abuse of the court's discretion. "Rightfully, courts are reluctant to punish a client for the behavior of his lawyer." *Reizakis v. Loy, supra*, at 1135.

 A more appropriate sanction under the circumstances of this case (and the one which we direct the district court to impose on remand) would be to assess the costs of attending the aborted scheduling conference, including but not limited to an appropriate fee for opposing counsel, directly upon the attorney responsible—in this case, plaintiff's local counsel. While we share the district judge's concern for efficient judicial administration and agree that attorneys practicing before the district court should be entirely familiar with local as well as general rules of procedure, the sanctions for attorney neglect should be borne if at all possible by the attorney himself rather than by his client.

*REVERSED AND REMANDED; THE PARTIES TO BEAR THEIR OWN COSTS.*