804 F.2d 1250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Burke B. CARTER, Appellant,
v.
Doris Jeanne PURYEAR, Norfolk and Western Railway Company,
The Brotherhood of Railway, Airline and Steamship
Clerks, Freighthandlers, Express and
Station Employees, Appellees.
 No. 86-2034.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1986.
Decided Nov. 13, 1986.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (C/A No. 85-0988-R)
 Burke B. Carter, appellant pro se.
 W. Fain Rutherford and William B. Poff for appellees Puryear and Norfolk & Western.
 Gary E. Tegenkamp, Fox, Wooten & Hart, for appellee BRAC.
 W.D.Va.
 DISMISSED.
 Before WIDENER, HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Burke B. Carter, an employee of the Norfolk & Western Railway Company ("N & W"), appeals from the district court's grant of summary judgment to the defendants-appellees on claims arising out of an employment-related dispute. We dismiss for lack of jurisdiction.
 
 
 2
 On October 22, 1985, Carter filed this action against defendants Doris Jeanne Puryear, N & W, and the Brotherhood of Railway, Airline & Steamship Clerks, Freighthandlers, Express and Station Employees ("BRAC") in the Circuit Court of the City of Roanoke. On November 13, 1985, the defendants jointly filed a verified petition seeking removal of Carter's state court action. Carter did not contest the removal. On March 3, 1986, the district court granted summary judgment to the defendants and entered judgment in their favor.
 
 
 3
 On March 13, 1986, Carter filed a "Request for Reconcideration [sic]." On March 27, 1986, Carter filed a notice of appeal.
 
 
 4
 We dismiss the appeal due to our lack of jurisdiction. If a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment, it should be treated as a motion under Fed.R.Civ.P. 59, however it is labeled. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). Carter's request for reconsideration was therefore a timely Rule 59 motion.
 
 
 5
 When Carter filed his notice of appeal, the district court had not disposed of his request for reconsideration. Under Fed.R.App.P. 4(a)(4), a notice of appeal filed before disposition of the Rule 59 motion "shall have no effect."[1] Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). "[I]t is as if no notice of appeal were filed at all," so that if appellate jurisdiction is to be preserved, a new notice of appeal must be filed. Id. Accordingly, we must dismiss for lack of jurisdiction.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 7
 DISMISSED.
 
 
 
 [1]
 Federal Rule of Appellate Procedure 4(a)(4) provides in its entirety:
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.