927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 William HOFFMAN, for the Benefit of Himself, and His Two
Children, Michael H. Hoffman, Scott E. Hoffman,
Plaintiffs-Appellants,
v.
Michael Lewis FREILICH, Individually, Michael Lewis
Freilich, Chartered, Attorneys at Law, A Maryland
Professional Corporation, Julian S. Greenspun, Individually,
Martin G. Pickholz, Individually, Parker, Chapin, Fattau &
Klimpl, Attorneys at Law, the Law Firm Employing William
(Bill) Swinford, As At 2/5/87, Attorneys at Law, William
(Bill) Swinford, Individually, Jon Fox, Representative
Individually, American Insurance Group, d/b/a American Home
Insurance, Donald E. Sinrod, Individually, Goldberg and
Sinrod, Attorneys, John and Mary Does, Doe Business Entity,
As Unnamed Defendants, Defendants-Appellees,
and
Venable, Baetjer & Howard, Attorneys at Law, Adele Burt,
Attorney at Law, Individually, David Queen, Arnold
Weiner, Melnicove, Weiner, Defendants.
 
 No. 90-6930.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 4, 1991.
Decided Feb. 25, 1991.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-90-1302-R)
 William Hoffman, appellant pro se.
 Alvin Ira Frederick, Jeffrey J. Hines, Eccleston & Wolf, Rob Ross Hendrickson, Boyd, Benson & Hendrickson, Baltimore, Md., Patricia L. Truscelli, New York City, for appellees.
 D.Md.
 REMANDED.
 Before DONALD RUSSELL, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Hoffman appeals from the district court's order granting the defendants' motions to dismiss in his action alleging RICO violations and other tort law claims. Hoffman filed his notice of appeal within 10 days of entry of the judgment and, alternatively, made a post-judgment motion for a new trial based on newly discovered evidence. The district court noted Hoffman's appeal without ruling on the motion. We remand the action to the district court for a ruling on the motion.
 
 
 2
 A post-judgment motion served within 10 days of entry of judgment which calls into question the correctness of the judgment, as Hoffman's motion did, should be treated as a motion under Rule 59. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). The filing of this Rule 59 motion had the effect of nullifying Hoffman's notice of appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Therefore, this action is remanded to the district court to allow it to rule on the Rule 59 motion. Hoffman's motion for appointment of counsel in this Court is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 REMANDED.