833 F.2d 1006
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Jerome FIELDS, Defendant--Appellant.
 No. 87-7622.
 United States Court of Appeals, Fourth Circuit.
 Nov. 25, 1987.
 
 Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Jerome Fields, appellant pro se.
 Karen Patrice Tandy, Assistant U.S. Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Jerome Fields appeals from the district court's dismissal of his 28 U.S.C. Sec. 2255 action. We dismiss for lack of jurisdiction.
 
 
 2
 In his Sec. 2255 motion, Fields sought review of his conviction for murder on the following five grounds: (1) there is newly discovered evidence; (2) illegal presumptions were used against him at trial; (3) there was racial bias in the selection of his jury; (4) he was denied a separate trial from his codefendants; and (5) he was denied effective assistance of counsel at trial. After the district court ordered Fields to provide specific facts in support of each claim, Fields filed a pleading which expanded somewhat on his claim of discrimination in the jury selection process but did not address any of his other claims for relief.
 
 
 3
 On May 19, 1987, the district court found that Fields failed to make a prima facie case of discrimination in the selection of his jury and dismissed this claim with prejudice. The court found the remainder of Fields' claims were not pleaded with sufficient specificity for the court to address them and dismissed them all without prejudice.
 
 
 4
 On May 28, 1987, Fields served a motion styled "Motion to Reconsider Order or In the Alternative, Motion For Leave To Take an Interlocutory Appeal In Forma Pauperis." On June 22, 1987, the court denied Fields' motion to reconsider and directed the clerk "to treat the petitioner's motion as a notice of appeal of the court's order dated May 19, 1987."
 
 
 5
 If a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment, it should be treated as a motion under Rule 59, however it is labeled. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). The timeliness of a Rule 59 motion is determined by the date of service. Fed.R.Civ.P. 59(b), (e). In this case, Fields served the motion on May 28, nine days after judgment; the fact that it was not filed until June 9 is irrelevant. See, e.g., Colville Confederated Tribes v. Walton, 752 F.2d 397, 400 (9th Cir.1985), cert. denied, 54 U.S.L.W. 3561 (U.S. Feb. 25, 1986) (No. 85-125). Fields' "motion to reconsider" was, therefore, a timely Rule 59 motion.
 
 
 6
 At the same time, indeed in the same document, that Fields filed this "motion to reconsider," he also filed a "Motion for Leave to Take an Interlocutory Appeal." Under Fed.R.App.P. 4(a)(4), a notice of appeal filed before disposition of a Rule 59 motion shall have no effect. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). To preserve appellate jurisdiction, a new notice of appeal must be filed after the disposition of the Rule 59 motion. Id. Because Fields did not file a notice of appeal after his motion to reconsider was denied by the district court, this Court lacks jurisdiction to act.
 
 
 7
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal.
 
 
 8
 DISMISSED.