836 F.2d 545
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jackie D. BELLAND, II, Petitioner-Appellant,
v.
John L. CUMMINGS, Prosecuting Attorney of Cabell County,
West Virginia, Sixth Judicial Circuit Court, State
of West Virginia, Respondents-Appellees.
 No. 87-7268.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 30, 1987.
Decided Dec. 16, 1987.
 
 Before K.K. HALL, CHAPMAN, and WILKINSON, Circuit Judges.
 Jackie D. Belland, II, appellant pro se.
 John L. Cummings, Office of the Prosecuting Attorney, for appellees.
 PER CURIAM:
 
 
 1
 Jackie D. Belland II, a Louisiana inmate, seeks to appeal the district court's summary dismissal of his habeas corpus petition. We dismiss for lack of jurisdiction.
 
 
 2
 Belland claims that under Article III of the Interstate Agreement on Detainers (IAD, 18 U.S.C.App.) he is entitled to a speedy resolution of the probation violation charge which was brought against him in West Virginia after his conviction in Louisiana.
 
 
 3
 Belland's petition was dismissed on April 3, 1987. On April 17, 1987, Belland filed a motion to amend and a notice of appeal. Under Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978), a post-judgment motion which is filed within ten days of the entry of judgment and calls into question the correctness of the judgment should be treated as a motion under Rule 59, Fed.R.Civ.P., however it is labeled. Excluding weekends, as required by Rule 6(a), Fed.R.Civ.P., Belland's motion to amend was filed within ten days of judgment. In effect, it asks the court to reconsider its judgment and must, therefore, be treated as a timely Rule 59 motion.
 
 
 4
 Belland filed his Rule 59 motion and his notice of appeal at the same time. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before disposition of the Rule 59 motion "shall have no effect." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). If no new notice of appeal is filed after disposition of the Rule 59 motion, this Court lacks jurisdiction. Id.
 
 
 5
 Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of probable cause to appeal and dismiss the appeal.* Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.
 
 
 
 *
 Even if we were able to address Belland's petition on the merits, his petition could not succeed because the Supreme Court has held, in Carchman v. Nash, 473 U.S. 716 (1985), that Article III of the IAD applies only to detainers based on untried criminal charges, not to probation violation charges