850 F.2d 688
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William M. CLAY, Plaintiff-Appellant,
v.
CIRCUIT COURT OF RALEIGH COUNTY; Judge Canterbury, Chief
Judge; Beckley Work Release Center; Mrs. Fredericks,
Administrator; Circuit Court of Kanawha County; John Hey,
Chief Judge; Charleston Work Release Center; Jack
Whittington, Administrator; Circuit Court of Cabell County;
Alfred Furguson, Chief Judge; Huntington Work Release
Center; Linda Hawkins, Administrator, Defendants-Appellees.
 No. 87-7417.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 14, 1988.
Decided: June 23, 1988.
 
 William M. Clay, appellant pro se.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 William M. Clay, a West Virginia state prisoner, filed an untimely notice of appeal from the district court's summary dismissal of his mandamus petition seeking to compel the West Virginia state courts to order that his two sentences be served concurrently, rather than consecutively. We dismiss for lack of jurisdiction.
 
 
 2
 It is the law of this Circuit that a district court post-trial motion filed within ten days of entry of judgment and calling into question the correctness of that judgment, is to be treated as a motion for a new trial or amendment of judgment under Fed.R.Civ.P. 59; this rule prevails irrespective of how the pleading may be labeled. The time limits for filing a notice of appeal are computed from the date the post-trial motion is decided; a notice of appeal filed during the pendency of a Rule 59 motion is a nullity. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978).
 
 
 3
 The district court entered judgment on 7 December 1987 dismissing as frivolous, under 28 U.S.C. Sec. 1915(d), Clay's petition for a writ of mandamus; on 16 December 1987, clearly within ten days of the entry of judgment, Clay filed in the district court a "Motion to Vacate Judgment Order" and a notice of appeal. The notice of appeal was promptly delivered to this Court notwithstanding the pending motion to vacate judgment, and Clay's appeal was docketed.
 
 
 4
 The motion to vacate was denied by the district court on 16 February 1988, and the time for Clay's filing a timely notice of appeal commenced on that date. Fed.R.App.P. 4(a)(4). Clay's 16 December 1987 notice of appeal filed before the post-trial motion was disposed of is a nullity. Clay's appeal is not properly before this Court, and we need not address the otherwise meritless claims he advances. A new notice of appeal must be filed within the prescribed time measured from the 16 February 1988 denial of Clay's Fed.R.Civ.P. 59 motion. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); see also Sine v. Local 992, International Brotherhood of Teamsters, 790 F.2d 1095 (4th Cir.1986).
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and dismiss the appeal for want of jurisdiction.
 
 
 6
 DISMISSED.