866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Howard William COLEMAN, Petitioner-Appellant,
v.
James N. ROLLINS, Warden, Respondent-Appellee.
 No. 88-6776.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 12, 1988.
Decided: Jan. 27, 1989.
 
 Howard William Coleman, appellant pro se.
 Jillyn Kaberle Schulze, Office of the Attorney General of Maryland, for appellee.
 Before DONALD RUSSELL, K.K. HALL, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Howard William Coleman, a Maryland inmate, was convicted of two counts of first degree sexual assault, one count of kidnapping, and one count of assault and battery. The convictions were affirmed on appeal. He applied to the Maryland state courts for post-conviction relief, alleging denial of effective assistance of counsel and denial of due process and equal protection. The Maryland circuit court and special court of appeals denied relief, and certiorari to the Maryland Court of Appeals was denied.
 
 
 2
 Coleman petitioned the United States District Court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He again asserted denial of effective assistance of counsel and denial of due process and equal protection as grounds for habeas relief. He also alleged in his district court petition that the evidence used to convict him was insufficient to prove his guilt beyond a reasonable doubt. The district court dismissed Coleman's petition and denied his motion for reconsideration.*
 
 
 3
 Coleman challenges the district court's dismissal of his habeas petition for failure to exhaust one of his claims. That dismissal was proper, however, because Coleman raised the sufficiency of the evidence claim for the first time in his district court petition. When a habeas petition contains some claims which have been exhausted in state proceedings and some claims which have not been exhausted, it must be dismissed without prejudice to allow exhaustion of all claims. Rose v. Lundy, 455 U.S. 509 (1982).
 
 
 4
 Because the district court's dismissal of Coleman's mixed petition was proper, we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.
 
 
 
 *
 The district court also declined to issue a certificate of probable cause to appeal on timeliness grounds. However, Coleman's motion for reconsideration was filed and served within 10 days of the district court's order, so it served as a Fed.R.Civ.P. 59(e) motion. Dove v. CODESCO, 569 F.2d 807 (4th Cir.1978). As such, it stayed the time for filing a notice of appeal until the court ruled upon it. Id. Because Coleman filed his notice of appeal within 30 days of the court's denial of his motion for reconsideration, his appeal was timely. Dove, supra; Fed.R.App.P. 4(a)