**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARILYN D. THOMAS,
Plaintiff-Appellant,

v.

No. 96-2733

TECHNICAL RESOURCES,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-95-769-JFM)

Submitted: October 31, 1997

Decided: April 20, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Abbey G. Hairston, Adrian V. Nelson, II, ALEXANDER, BEAR-
DEN, HAIRSTON & MARKS, L.L.P., Silver Spring, Maryland, for
Appellant. William J. Carter, Thomas L. McCally, CARR, GOOD-
SON, LEE & WARNER, P.C., Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marilyn D. Thomas appeals from the district court orders granting summary judgment to her former employer, Technical Resources, Inc. (TRI), on her action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1997), and denying her motion for reconsideration. We affirm.

Thomas's complaint alleged discriminatory discharge based on her race, wrongful breach of an implied employment contract, and intentional infliction of emotional distress. The district court granted summary judgment in favor of TRI on September 10, 1996. On September 26, 1996, Thomas filed a motion to extend time to file a motion for reconsideration under Fed. R. Civ. P. 59(e) and a Rule 59(e) motion. On October 4, 1996, the district court granted Thomas's motion to extend time. The district court denied Thomas's motion for reconsideration on October 23, 1996, and on November 25, 1996, Thomas appealed the district court's order granting summary judgment and denying her motion for reconsideration.

To the extent that Thomas appeals the district court's order entered on September 10, 1996, her appeal is untimely. Thomas's Rule 59(e) motion for reconsideration was not timely filed. A motion for reconsideration must be "filed no later than 10 days after entry of judgment," and a district court judge may not extend the time to file a Rule 59(e) motion. See Fed. R. Civ. P. 59; Fed. R. Civ. P. 6(b). Therefore, the appeal period from the September 10 order was not tolled by the filing of the motion for reconsideration. See Fed. R. App. P. 4(a)(4); Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

To the extent that Thomas appeals the district court's order denying her Rule 59(e) motion, we affirm the district court's order because the motion was not timely filed. Even if we were to construe the motion as a reconsideration motion under Fed. R. Civ. P. 60(b), we find that

2

the district court did not abuse its discretion in denying the motion. Thomas failed to establish mistake, newly discovered evidence, or fraud. Further, to prevail on a claim of discriminatory discharge, Thomas must show that: (1) she is a member of a protected class; (2) she was qualified for the job and that her job performance was satisfactory; (3) in spite of her qualifications, she was fired; and (4) the position remained open to similarly qualified applicants after her dismissal. See Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir. 1989). Once a prima facie case is established, the burden shifts to the defendants to produce evidence that shows some legitimate, nondiscriminatory reason for their actions. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the defendants meet this burden, the burden then shifts back to the plaintiff to show that the reason proffered by the defendants was false and that race was the real reason for the adverse action. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 514-15 (1993).

Our review of the record and the district court's opinion discloses that Thomas failed to establish a prima facie case of discrimination. Thomas failed to establish that her job performance was satisfactory. TRI received complaints about Thomas, investigated them, and determined that Thomas's conduct was unacceptable. Thomas claims that she received several satisfactory job performance evaluations prior to the investigation. However, "[p]revious satisfactory job performance cannot be used by an employee to insulate [herself] from dismissal once performance becomes unacceptable." See Ransome v. Bowling, 851 F. Supp. 204, 208 (D. Md. 1993), aff'd, 21 F.3d 423 (4th Cir. 1994). Thus, Thomas fails to establish that she was discharged because of her race.

Accordingly, we affirm the district court's order. We grant Thomas's unopposed motion to amend or supplement requested relief. Because we affirm the district court's orders, the relief requested is not warranted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3