**Clifton S. FREEDMAN, Plaintiff,**

v.

**AMERICA ONLINE, INC., Defendant.**

No. 1:04CV475.

United States District Court, E.D. Virginia, Alexandria Division.

Aug. 11, 2004.

Clifton S. Freedman, Pro se.

Samir Jain, Joseph James, Charles Colin Rushing, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for Defendant.

## ORDER

ELLIS, District Judge.

The matter is before the Court on defendant AOL's motion for partial reconsideration of the Court's Order granting summary judgment for plaintiff (i) as to whether AOL "knowingly divulge[d]" plaintiff's subscriber information as required by 18 U.S.C. § 2702(a)(3) and (ii) as to whether AOL acted with a "knowing or intentional state of mind" when it violated the statute as required by 18 U.S.C. § 2707(a). Because it was filed on July 22, 2004, exactly ten (10) days after entry of the Order granting plaintiff's motion for summary judgment as to these issues,[1] this motion is properly construed as a motion to alter or amend judgment pursuant to Rule 59(e), Fed.R.Civ.P.[2]

---

1. *See Freedman v. America Online, Inc.,* 325 F.Supp.2d 638 (E.D.Va.2004). The reasons in support of the Court's July 12 Order were set forth in detail in a Memorandum Opinion of even date. *See Freedman v. America Online, Inc.,* 325 F.Supp.2d 638 (E.D.Va.2004).

2. *See Small v. Hunt,* 98 F.3d 789, 797 (4th Cir.1996) (treating motion for reconsideration filed not later than 10 days after entry of judgment as a Rule 59(e) motion); *Dove v.Codesco,* 569 F.2d 807, 809 (4th Cir.1978) ("[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."); *see also Koshatka v. Philadelphia Newspapers, Inc.,* 762 F.2d 329, 333 (3d Cir.1985) (motion for reconsideration of a final judgment will

Although Rule 59(e) itself does not state the grounds on which district courts may grant a motion to alter or amend a judgment, the Fourth Circuit has made clear that "there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). In this way, "the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995)). Because defendant in this instance does not articulate an intervening change in controlling law or present new evidence not available at the time of the summary judgment hearing, it appears that defendant asserts that reconsideration is warranted to correct a clear error of law or prevent manifest injustice.

Through its motion, defendant asks for reconsideration of two aspects of the partial summary judgment ruling, namely those aspects concerning (i) whether AOL "knowingly divulge[d]" plaintiff's subscriber information in violation of the Electronic Communication Privacy Act ("ECPA"), 18 U.S.C. § 2701 *et seq.*, as required by § 2702(a)(3), and (ii) whether AOL violated the statute with a "knowing or intentional state of mind," as required by § 2707(a), such that AOL is subject to liability in a private cause of action. More specifically, defendant argues that the ruling granting

partial summary judgment for plaintiff on these issues was clearly erroneous on the ground that Jennifer Sheridan, the AOL employee who responded to the unsigned warrant application, did not know that the warrant was unsigned when she disclosed plaintiff's subscriber information.

Defendant first contends that reconsideration is warranted because plaintiff has not shown a genuine issue of fact that defendant "knowingly divulge[d]" plaintiff's subscriber information, and thus that defendant violated the statute. While defendant does not attack the Court's holding that to satisfy § 2702(a)(3)'s state of mind requirement, plaintiff must show that defendant knew all the factual circumstances that constitute the alleged offense, *i.e.*, the ECPA violation,[3] defendant nonetheless argues that the Court erred in concluding that Sheridan knew all the factual circumstances that constitute the violation because she did not know that the warrant was unsigned. Thus, defendant argues, the Court erred in awarding partial summary judgment for plaintiff.

 To begin with, it is important to note that defendant did not argue in its summary judgment motion or in the course of the summary judgment hearing on June 18, 2004 that Sheridan did not "knowingly divulge" plaintiff's subscriber information and thus that AOL did not violate the statute. In fact, as the record reflects, defendant conceded at the June 18 hearing that AOL had violated the statute in disclosing plaintiff's subscriber information to the Fairfield police.[4]

---

generally be construed as a Rule 59(e) motion to alter or amend judgment if the motion does not cite a specific federal rule).

**3.** *See Freedman*, 325 F.Supp.2d 638, 647 n. 12.

**4.** The pertinent portions of the hearing transcript follow:

THE COURT: Why do you think there was a violation? I understand that you and the plaintiff agreed that a violation had occurred.

DEFENSE ATTORNEY: Yes, your Honor, because as you noted under 2702, there is a

Nonetheless, this state of mind issue was addressed in the Memorandum Opinion wherein the Court concluded that § 2702(a)(3)'s state of mind requirement had been satisfied and that partial summary judgment on that issue should be granted for the plaintiff.[5] Accordingly, because the Fourth Circuit has made clear that Rule 59(e), Fed.R.Civ.P., motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment,"[6] and because defendant conceded that a violation occurred and did not argue in its summary judgment motion or in the course of the summary judgment hearing that Sheridan did not "knowingly divulge" plaintiff's subscriber information, defendant's motion to reconsider on these grounds must be denied.

In any event, defendant is not correct that the Court erred in concluding that Sheridan "knowingly divulge[d]" plaintiff's subscriber information. Although the ECPA does not define "knowingly" as that term is used in § 2702(a)(3), pertinent legislative history provides that "knowingly means that the defendant was [ (i) ] aware of the nature of the conduct, [ (ii) ] aware of or possessing a firm belief in the existence of the requisite circumstances and [ (iii) ] an awareness [sic] of or a firm belief about the substantial certainty of the result." H.R.Rep. No. 99–647, at 64 (1986). The legislative history further clarifies what a plaintiff must show to establish each of these three prongs and thus show that defendant "knowingly divulge[d]" plaintiff's subscriber information. With regard to the first prong, plaintiff must show that defendant was aware of "the act of disclosure." *Id.* ("The conduct in question is the act of disclosure."). Moreover, with regard to the second prong, plaintiff must show that defendant was aware, or possessed a firm belief, (i) that the person or entity making the disclosure provided electronic communication services to the public and (ii) that the subscriber information disclosed related to a wire or electronic communication. *See id.* ("The circumstances involved are that the person involved provides electronic communication services to the public and that the contents relate to a wire or electronic communication."). And, finally,

general prohibition subject to a list of various exceptions. The exceptions with respect to requests from governmental entities comes in under 2703, as you noted, under 2703(c), since we are talking about subscriber records, and 2703(c) authorizes disclosures in enumerated cases, when you obtain a warrant, when you have a court order, you have consent, or an administrative subpoena, which is where (2) comes in, given that the judge, in fact, hadn't signed the warrant papers, there wasn't really a warrant—as it turns out in hindsight there wasn't actually a warrant here, and none of the other exemptions seem to apply, either.

5. Although neither party moved for summary judgment on this ground, a district court may grant summary judgment *sua sponte* provided the parties are given notice and an opportunity to be heard. *See Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 223

(3d Cir.2004) (stating that a district court may grant summary judgment *sua sponte* if "the court gives notice and an opportunity to oppose summary judgment"); *Johnson v. Penn. Wire and Rope Co., Inc.*, 867 F.2d 608, 1989 WL 5428, at *2 (4th Cir.1989) (same) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir.1985) and *Fender v. Gen. Elec. Co.*, 380 F.2d 150 (4th Cir.1967)).

6. *See Pacific Ins. Co.*, 148 F.3d at 403; *see also In re Reese*, 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.' "); 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

with regard to the third prong, plaintiff must show that defendant was aware, or possessed a firm belief, that his act would result in the disclosure of the subscriber information to another person or entity. *See id.* ("The result is that the contents have been provided to another person or entity.").[7] If a plaintiff establishes each of the three prongs, he is entitled to summary judgment on the question whether defendant "knowingly divulge[d]" his subscriber information.

■ This three-pronged standard, applied here, leaves no doubt that plaintiff has shown that Sheridan "knowingly divulge[d]" plaintiff's subscriber information. Sheridan was undoubtedly aware of the disclosure; she did not disclose the information inadvertently. Moreover, Sheridan clearly was aware (i) that AOL was an electronic communication service provider[8] and (ii) that plaintiff's subscriber information related to his AOL subscription and thus electronic communications. Finally, Sheridan was aware that by faxing the subscriber information to Detective Young, this information would certainly be disclosed to Detective Young and the Fairfield Police. That Sheridan was mistaken

as to whether the warrant was signed by a judge does not compel a different conclusion as to whether she "knowingly divulge[d]" the information. This is so because the invalidity of the warrant is not one of the circumstances required to establish the "knowingly divulge[d]" element of the violation; nor is the validity of the warrant relevant to other components of the "knowingly divulge[d]" requirement, namely the act or result of the disclosure.[9] Notably, however, the invalidity of the warrant is an element of the ECPA violation. Here, of course, the parties do not dispute the invalidity of the warrant.

In sum, therefore, while the legal invalidity of the warrant is an element of an ECPA violation, it is not one of the factual circumstances Sheridan must have known to have "knowingly divulge[d]" the information to the Fairfield police. To conclude otherwise would render the ECPA impotent to reach a wide variety of circumstances where the legal invalidity of a warrant is more apparent or more subtle than it was here. Such a result, which is unsupported by the ECPA's language and legislative history, would effectively eviscerate

---

7. Notably, the legislative history only addresses the meaning of the term "knowingly" as that term is used in §§ 2702(a)(1) and 2702(a)(2), which relate to disclosures of the *contents* of wire or electronic communications. It is nonetheless sensible to conclude that Congress intended that the term be defined in the same way in § 2702(a)(3), which relates to disclosures of a subscriber's record or other information. *See Varity Corp. v. Howe,* 516 U.S. 489, 523, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (relying on the " 'basic canon of statutory construction that identical terms within an Act bear the same meaning' ") (quoting *Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 479, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992)); *Rosmer v. Pfizer Inc.,* 263 F.3d 110, 115–16 (4th Cir. 2001) (same).

8. The ECPA defines an "electronic communication service" as "any service which pro-

vides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15); *see also* 18 U.S.C. § 2711 ("As used in this chapter the terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section.").

9. Thus, defendant's reliance on authority that provides that "mistake... is not sufficient to support a finding of knowledge" is unpersuasive. *United States v. Guay,* 108 F.3d 545, 551 (4th Cir.1997). Moreover, the authority cited by defendant in support of this principle relates exclusively to jury instructions. *See id.; United States v. St. Michael's Credit Union,* 880 F.2d 579, 585 (1st Cir.1989); Federal Jury Practice and Instructions, § 17.09 (5th ed.).

the statute.[10]

Nor is the authority defendant cites in support of its contrary contention either apposite or persuasive. To begin with, none of these cases is a Title II ECPA case. Instead, the cases involve the child pornography criminal statute, 18 U.S.C. § 2252,[11] the Clean Water Act's criminal provision, 33 U.S.C. § 1319(c)(2)(A),[12] and Title I of the ECPA, 18 U.S.C. § 2511.[13] Further, while it is true that in each of the cases the courts held that plaintiff must show that defendant knew of a circumstance or element of the offense to establish a violation, it is also true that in each of the cases, the statute at issue specifically identifies the factual circumstance or element that the defendant must have known to establish a criminal violation.[14]

Accordingly, none of these cases is either apposite or compels a conclusion different from the one reached here.[15]

Defendant next contends that reconsideration is warranted because plaintiff has not shown a genuine issue of fact that defendant violated the statute, assuming a violation occurred, with a "knowing or intentional state of mind," as required by § 2707(a) to establish liability in a private cause of action. In support of this contention, defendant advances essentially the same argument, namely that plaintiff has not shown that Sheridan knew all the factual circumstances that constitute the ECPA offense. This argument was previously considered and rejected. *See Freedman*, 325 F.Supp.2d 638, 645. As a result, it need not be addressed here. *See Hutch-*

10. To the extent this analysis is inconsistent with pages 12 through 14 of the Memorandum Opinion, this discussion clarifies and supersedes that portion of the opinion. *See Freedman*, 325 F.Supp.2d at 645.

11. *See United States v. Matthews*, 209 F.3d 338, 352 (4th Cir.2000).

12. *See United States v. Wilson*, 133 F.3d 251, 264 (4th Cir.1997).

13. *See Thompson v. Dulaney*, 970 F.2d 744, 749 (10th Cir.1992).

14. The statute at issue in *Matthews*, 18 U.S.C. § 2252, prohibits "any person" from "knowingly transport[ing or]... receiv[ing]" child pornography. *See Matthews*, 209 F.3d at 350 (citing 18 U.S.C. § 2252). The Fourth Circuit concluded that, to establish liability under the provision, the government must prove that defendant "knew that he was transporting or receiving depictions of a sexually explicit nature and that the individuals depicted were minors," but not that defendant acted with a bad motive or evil intent. *Id.* at 351–52.

The statute at issue in *Wilson*, the Clean Water Act, 33 U.S.C. § 1319(c)(2)(A), provides that "[a]ny person who knowingly violates section 1311 ... shall be punished." *See Wilson*, 133 F.3d at 260 (citing 33 U.S.C. § 1319(c)(2)(A)). The Fourth Circuit concluded that this language made clear that

Congress intended this provision as a "shorthand designation" that " 'knowing' mens rea accompany each element of the offense," such that "the government must prove the defendant's knowledge of facts meeting each essential element of the substantive offense...." *Id.* at 261–62.

And, the statute at issue in *Thompson*, Title I of the ECPA, 18 U.S.C. § 2511, provides that "a plaintiff must show that a defendant 'know[s] or ha[s] reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection.' " *Thompson*, 970 F.2d at 749. The Tenth Circuit concluded in that case that "it is not enough to show that a defendant merely knew he was using or disclosing information from an intercepted communication," but "[i]t must also be shown that the defendant knew, *inter alia*, that neither party to the intercepted conversation had consented to the interception." *Id.* at 749.

15. It should be noted that for the same reasons, reliance on *Thompson*, 970 F.2d at 749, and *Peavy v. WFAA–TV, Inc.*, 221 F.3d 158, 178 (5th Cir.2000), in the Memorandum Opinion is properly limited to the general proposition that the knowledge specified by the statute must be shown to establish a violation.

*inson v. Staton,* 994 F.2d 1076, 1082 (4th Cir.1993) ("[M]ere disagreement [with the ruling] does not support a Rule 59(e) motion.").

In any event, defendant is not correct that the Court erred in granting plaintiff's motion for summary judgment on this issue. Section 2707(a) makes clear that a plaintiff may establish civil liability for an ECPA violation by showing either that a defendant violated the statute knowingly or intentionally.[16] Legislative history and authority interpreting Title I of the ECPA point persuasively to the conclusion that an ISP acts intentionally provided only that its acts are not inadvertent. *See Freedman,* 325 F.Supp.2d 638, 646 n. 11, 653. Accordingly, because the evidence establishes no genuine issue of fact as to whether Sheridan acted intentionally, and not inadvertently, it was proper to conclude that plaintiff had established the state of mind requirement with respect to the violation required by § 2707(a). Even if defendant had shown that plaintiff did not act knowingly when it violated the statute, that showing would not require a different conclusion.

Accordingly, for the reasons set forth herein and for good cause,[17]

It is **ORDERED** that defendant's motion for partial reconsideration pursuant to Rule 59(e), Fed.R.Civ.P., is **DENIED**.

It is further **ORDERED** that the hearing scheduled for 10:00 a.m., Friday, August 13, 2004 is **CANCELLED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

---

16. *See* 18 U.S.C. § 2707(a) ("Except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in which a knowing or intentional state of mind may, in a civil action, recover from the person or entity... which engaged in that violation....").

17. In its brief in opposition to defendant's motion, plaintiff requested that the Court correct two statements in its Memorandum Opinion, in the event the Court granted defendant's motion for partial reconsideration. More specifically, plaintiff argued that the Court erred in stating (i) that plaintiff agreed that the good faith defense is governed by the standard set forth in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677

(1984), and (ii) that plaintiff did not dispute Sheridan's subjective good faith, but mistaken, belief that the warrant was valid. A review of the record makes clear that plaintiff's contentions are unpersuasive. Plaintiff clearly conceded that the good faith analysis was governed by the general principles set forth in *Leon* and its progeny. Moreover, plaintiff presented no evidence with regard to the second contention and hence summary judgment as to Sheridan's subjective state of mind was appropriate. In any event, these matters are not appropriately addressed at this time as plaintiff did not file an appropriate Rule 59(e) motion within ten days of entry of judgment. Thus, these matters are cognizable, if at all, only pursuant to Rule 60(b), Fed.R.Civ.P., and plaintiff has filed no such motion.