**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1098**

CALVIN BARNES; CHRISTINE BARNES,

        Plaintiffs – Appellants,

    and

SHRECO T. BURNETT,

        Plaintiff,

      v.

RENARD JOHNSON; APPLE TITLE INTERNATIONAL, LLC; WILL PURCELL,

        Defendants – Appellees,

    and

MONTGOMERY CAPITAL CORPORATION; MICHAL JOHNSON, Individual and Official Agent of Montgomery Capital Corp.,

        Defendants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:08-cv-01056-RWT)

Submitted: June 22, 2009          Decided: June 26, 2009

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Calvin Barnes, Christine Barnes, Appellants Pro Se.   Shirlie
Norris Lake, ECCLESTON & WOLF, PC, Hanover, Maryland; Will
Purcell, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin and Christine Barnes appeal the district court's orders dismissing their civil action without prejudice for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and denying their Fed. R. Civ. P. 59(e) motion seeking reconsideration of the dismissal order.[*]

The Barneses filed a civil action asserting claims under Maryland law arising out of a sale-leaseback transaction among the Barneses, plaintiff Burnett, and Defendants. The Barneses sought well over $75,000 in damages resulting from Defendants' alleged fraud and misrepresentation and claimed jurisdiction on the basis of diversity of citizenship, see 28 U.S.C. § 1332 (2006). The complaint, however, failed to allege facts sufficient to establish complete diversity of citizenship between Plaintiffs and all Defendants. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998). Accordingly, the district court properly dismissed the action without prejudice for lack of jurisdiction.

With regard to the Barneses' Rule 59(e) motion, we find that the district court did not abuse its discretion in

---

[*] Although the Barneses did not specify whether their "motion for reconsideration" was filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), because it was filed within the ten-day limit for Rule 59(e) motions, it is treated as such. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).

3

denying the motion. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 402-03 (4th Cir. 1998). Accordingly, we affirm the district court's orders. Barnes, et al. v. Johnson, et al., No. 8:08-cv-01056-RWT (D. Md. Nov. 25, 2008; Dec. 17, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED