**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-2426

NORTHERN CAROLINA SUPPORTED EMPLOYMENT; SENECA NICHOLSON;
ALAN PITTS,

        Plaintiffs – Appellants,

      v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES;
EDWARD DAVIS; STACY THOMPSON; DIANNE JONES; CYNTHIA ALTON;
VICTORIA KLAH; GORDON AGINGU; LINDA PACE; VIVIAN PERSON,

        Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:10-cv-00135-FL)

Submitted:  September 13, 2011    Decided:  September 15, 2011

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Northern Carolina Supported Employment, Seneca Nicholson, Alan
Pitts, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Northern Carolina Supported Employment, Seneca Nicholson, and Alan Pitts ("Plaintiffs") filed a civil action raising a number of claims under 42 U.S.C. §§ 1981, 1983 (2006), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (2006), the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000d (West 2003 & Supp. 2010), the Rehabilitation Act of 1973, 29 U.S.C. § 794 (2006), and state law. The magistrate judge determined that Plaintiffs' claims against Defendant North Carolina Department of Health and Human Services ("NCDHHS") and its Division of Vocational Rehabilitation ("Division"), and NCDHHS employee Defendants Davis, Thompson, Jones, Alton, Klah, Agingu, Pace, and Person in their official capacities were barred by the Eleventh Amendment and recommended that they be dismissed. The magistrate judge also determined that Plaintiffs had failed to state claims against Defendants Davis, Thompson, Jones, Alton, Klah, Agingu, Pace, and Person in their individual capacities and recommended that these claims be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) (2006) for failure to state a claim on which relief may be granted.

The district court adopted the magistrate judge's determinations but dismissed Plaintiffs' complaint without prejudice. Within the twenty-eight-day time limit for filing

2

motions to alter or amend under Fed. R. Civ. P. 59(e),
Plaintiffs filed a variety of pleadings that the district court
construed as a motion for reconsideration.* The court denied the
motion. Plaintiffs now seek to appeal the district court's
order denying their motion for reconsideration.

This court may exercise jurisdiction only over final
orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and
collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P.
54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-
47 (1949). "[A] plaintiff may not appeal the dismissal of his
complaint without prejudice unless the grounds for dismissal
clearly indicate that no amendment [in the complaint] could cure
the defects in the plaintiff's case." Domino Sugar Corp. v.
Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir.
1993) (internal quotation marks omitted). In ascertaining
whether a dismissal without prejudice is reviewable in this
court, we must determine whether Plaintiffs "could save [their]
action by merely amending [their] complaint." Id. at 1066-67.
As to Plaintiffs' claims against Defendants Davis, Thompson,
Jones, Alton, Klah, Agingu, Pace, and Person in their individual

---

* Because Plaintiffs filed their motion for reconsideration
within the twenty-eight-day time limit for motions under Fed. R.
Civ. P. 59(e), we treat the motion as such. Dove v. CODESCO,
569 F.2d 807, 809 (4th Cir. 1978).

capacities, because the grounds for dismissal make clear that Plaintiffs could save their action by filing an amended complaint in the district court, the district court's order denying reconsideration is not appealable. Accordingly, we dismiss the appeal in part for lack of jurisdiction.

As to Plaintiffs' claims against NCDHHS, its Division, and Davis, Thompson, Jones, Alton, Klah, Agingu, Pace, and Person in their official capacities, although the order denying reconsideration of the dismissal of these claims is appealable, Plaintiffs do not address this issue in their informal appellate brief. We therefore deem this issue waived. 4th Cir. R. 34(b); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009). Accordingly, we affirm in part the district court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART,
AFFIRMED IN PART

4