**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-7659**

_____

REGINALD KEITH BALL,

        Plaintiff – Appellant,

    v.

JEFFREY ARTRIP; G. K. WASHINGTON; ASST. WARDEN WALWRATH;
UNIT MANAGER WALTER SWINEY; COUNSELOR J. D. KING; R.
MATHENA, Warden,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. Glen E. Conrad, Chief
District Judge. (7:14-cv-00438-GEC)

_____

Submitted: March 20, 2015      Decided: April 10, 2015

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Reginald Keith Ball, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Keith Ball appeals the district court's order dismissing his 42 U.S.C. § 1983 (2012) action without prejudice and denying his motions to amend his complaint and for reconsideration.[*] We affirm.

We review de novo a district court's dismissal for failure to state a claim, viewing the facts and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012). To survive dismissal, a complaint must contain sufficient facts "to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "to state a claim to relief that is plausible on its face," id. at 570.

We review for abuse of discretion the district court's determination to deny a motion to reconsider under Fed. R. Civ. P. 59(e) and to amend a complaint under Fed. R. Civ. P. 15(a). Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012); see Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (discussing

---

[*] We construe Ball's motion for reconsideration as seeking relief pursuant to Fed. R. Civ. P. 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Regardless of its construction, however, the outcome remains the same.

2

grounds for Rule 59(e) relief). Leave to amend should be freely given but may be denied when "the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

We have reviewed the record and find no reversible error. As the district court correctly concluded, Ball's original complaint and postjudgment pleadings failed to establish that prison officials relied to any constitutionally significant degree upon the allegedly false information Ball seeks to have expunged from his record under Paine v. Baker, 595 F.2d 197 (4th Cir. 1979). Accordingly, we affirm substantially for the reasons stated by the district court. Ball v. Artrip, No. 7:14-cv-00438-GEC (W.D. Va. Sept. 29 & Oct. 31, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED