UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

BERNARD DONNELL SHERRILL, a/k/a
Nard,

        *Defendant-Appellant.*

No. 01-7942

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Terrence W. Boyle, Chief District Judge, sitting by designation.
(CR-95-5, CA-98-444-3)

Submitted: July 31, 2003

Decided: August 21, 2003

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Remanded with instructions by unpublished per curiam opinion.

## COUNSEL

Bernard Donnell Sherrill, Appellant Pro Se. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Bernard Donnell Sherrill appeals a district court order denying his motion for reconsideration of an underlying order denying his 28 U.S.C. § 2255 (2000) motion. Because Sherrill filed his notice of appeal eighty-seven days after the district court entered its judgment, we remanded this case to the district court with instructions to make factual findings concerning whether there was excusable neglect or good cause warranting an extension of the sixty-day appeal period. The district court made a finding of excusable neglect and extended the appeal period. Therefore, this Court has jurisdiction over this appeal.

When the United States or its officer or its agency is a party, parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. 4(a)(1)(B). However, if a party files a motion to alter, amend, or reconsider that judgment within ten days of its entry, the thirty day period for noting an appeal is tolled until that motion is resolved. Fed. R. App. P. 4(a)(4)(A). An untimely motion for reconsideration does not defer the time for filing an appeal, which continues to run from the entry of the initial judgment. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978). These time periods are mandatory and jurisdictional. *Id.* Hence, the filing of a timely motion for reconsideration tolls the period for filing an appeal from the underlying order and a timely appeal of the order denying the motion for reconsideration automatically brings both that order and underlying order before the appeals court. *See Dove v. CODESCO*, 569 F.2d 807, 809-10 (4th Cir. 1978).

The record is unclear as to the date Sherrill filed this motion for reconsideration. Without this information, we cannot ascertain whether we have jurisdiction to review the underlying order. We therefore remand to the district court for further fact finding regarding

the date Sherrill filed his motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED WITH INSTRUCTIONS*