**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-6417

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY ADAMS, a/k/a Smitt, a/k/a Rodney
Clark,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Winston-Salem. N. Carlton Tilley,
Jr., Chief District Judge. (CR-94-302; CA-94-302-6-3)

Submitted: June 25, 2004               Decided: July 13, 2004

Before WIDENER, MICHAEL, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Cheryl J. Sturm, Chadds Ford, Pennsylvania, for Appellant.  Anna
Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Timothy Adams seeks to appeal from the district court's orders denying relief on his Fed. R. Civ. P. 59(e) and 60(b) motions, taken from the denial of his motion filed under 28 U.S.C. § 2255 (2000).[*] An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); see Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004) (denial of a Rule 60(b) motion following denial of a habeas petition is properly considered the final order in a habeas corpus proceeding as defined in 28 U.S.C. § 2253, such that a certificate of appealability is a prerequisite for this court's review of the denial of a Rule 60(b) motion in a habeas case).

A certificate of appealability will not issue for claims addressed by a district court on the merits absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). As to claims dismissed by a district court on procedural grounds, a certificate of appealability will not issue

---

[*]While Adams claims the issues in his § 2255 motion have been preserved, Adams' appeal is timely only as to the denial of his Rule 59(e) motion and his second Rule 60(b) motion. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). Because the second Rule 60(b) motion does not bring up for consideration the denial of the underlying order on which it is based, the denial of the § 2255 motion is no longer subject to direct review. Id. We have, however, considered the denial of the § 2255 motion to the extent necessary to determine whether Adams is eligible for a certificate of appealability, consistent with our decision in Reid v. Angelone.

unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, 534 U.S. 941 (2001). We have independently reviewed the record and conclude that Adams has not satisfied either standard. See Miller-El v. Cockrell, 123 S. Ct. 1029, 1040 (2003). Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED