HAMILTON, Senior Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that, in Davis, the district court did not abuse its discretion when it reduced the rate at which attorney Paul McChesney (Attorney McChesney) was compensated for travel time under the Equal Access to Justice Act (the EAJA), 28 U.S.C. § 2412(d), and therefore, this portion of the district court’s order ruling on Davis’ motion for attorneys’ fees under the EAJA should be affirmed. However, because, in my view, the district court did not abuse its discretion in concluding that special circumstances existed that make an award of attorneys’ fees for the professional legal services of attorney Charles Martin (Attorney Martin) and his subordinate attorney Perrie Naides (Attorney Naides) in the present three cases unjust, I would also affirm the portion of the same order denying plaintiffs Zella Davis (Davis), Barbara Peter (Peter), and Andria Priestley (Priestley) such attorneys’ fees under the EAJA. Accordingly, I dissent in part.
I.
Proper analysis of the issues presented in this consolidated appeal require a full account of the relevant facts that informed the district court’s exercise of discretion in denying the attorneys’ fees at issue.
After the Social Security Administration denied Social Security disability benefits to Davis, Peter, and Priestley (collectively the Plaintiffs), each appealed their respective denials to the district court and prevailed.[1] Each then moved for recovery of attorneys’ fees pursuant to the EAJA, which provides in relevant part:
[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including pro *425 ceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
28 U.S.C. § 2412(d)(1)(A) (emphasis added).
Davis sought $8,639.62 in fees under the EAJA for 35.75 hours of attorney time, at $172.46 per hour, and 29.50 hours of paralegal time at $83.87 per hour. Of the 35.75 hours of attorney time, Paul T. McChesney (Attorney McChesney) performed 15.50 hours, while Attorney Martin performed 20.25 hours.
Attorney McChesney is a member of the Bar of the Supreme Court of South Carolina and is a member of the Bar of the district court, which Bar “consists of those attorneys heretofore admitted and those attorneys hereafter admitted as prescribed by Local Civil Rule 83.1.01-03.” Local Civil Rule 83.I.01DSC. In order to be eligible for admission to the Bar of the district court, a person must, inter alia, be a member in good standing of the Bar of the Supreme Court of South Carolina. Local Civil Rule 83.I.02DSC. Attorney Martin is a licensed member of the Bar of the Supreme Court of Georgia, but is not a member of the Bar of the district court. Moreover, Attorney Martin never applied to be admitted pro hoc vice in Davis’ case, pursuant to Local Civil Rule 83.I.05DSC, entitled “Appearances by Attorneys not Admitted in the District.” Id.
Notably, although Davis and Attorney McChesney had entered into a fee agreement at the inception of their attorney-client relationship, Davis and Attorney Martin never entered into such an agreement. Such fee agreement gave McChesney the right to “get other lawyers to help” in Davis’ case, but specified that such help would be “at no extra charge” to Davis. (J.A. 182). It also provided that “[associated lawyers assume joint responsibility for representation.” Id.
Davis’ opening brief on the merits below and reply brief on the merits below declared that Attorney Martin was “On the brief,” identified Attorney Martin as “Attorney for Plaintiff,” gave his Georgia Bar number, his office address in Georgia, his office telephone number, and his office fax number, (government’s Addendum at 2); Davis v. Astrue, No. 2:07-cv01621-JFA (D.S.C. January 31, 2008) (Docket Entry No. 25 at 12). Davis’ opening brief in support of her motion for attorneys’ fees under the EAJA states, in relevant part: “In the representation of the claimant in the district court Attorney Charles L. Martin spent approximately 20.25 hours representing plaintiff before the court....” (J.A. 169).
In his affidavit that Attorney Martin provided in support of Davis’ motion, entitled “AFFIDAVIT OF COUNSEL FOR THE PLAINTIFF,” Attorney Martin attested:
I am counsel for [Davis] in the above-entitled action. In representing [Davis] before the United States District Court I performed the services specified on the attached time summary.
(J.A. 176). He signed the affidavit (in the form of a handwritten signature) and identified himself as “Attorney for Plaintiff.” (J.A. 178). Attorney Martin also gave his Georgia Bar Number and office information. The attached time summary reflected that Attorney Martin provided substantial case management services, performed legal research, reviewed all filings in the case, drafted the opening and reply briefs (“including final proofing and revision”), and drafted Davis’ motion for *426 recovery of fees under the EAJA. (J.A. 179).
Peter sought $6,083.52 in attorneys’ fees under the EAJA for 34.45 hours of attorney time, at $176.59 per hour. Of the 34.45 hours of attorney time, McChesney performed 4.75 hours, Attorney Martin performed 6.70 hours, and Attorney Naides performed 23.00 hours. Attorney Naides is a subordinate of Martin in his law firm. She is a member of the Bar of the Supreme Court of Pennsylvania, but is not a regular member of the district court Bar. Neither Attorney Martin nor Attorney Naides applied to be admitted pro hac vice in Peter’s case.
Peter and Attorney McChesney entered into a fee agreement at the inception of their attorney-client relationship, but Peter never entered into a fee agreement with Attorney Martin or Attorney Naides. Similar to the language contained in the fee agreement between Davis and Attorney McChesney, the fee agreement between Peter and Attorney McChesney provided: “We can hire other attorneys, but that won’t cost you anything.” (J.A. 314). However, the Peter/Attorney McChesney fee agreement lacks language to the effect that associated lawyers assume joint responsibility for representation.
In Peter’s case, Attorney Martin signed the opening brief on the merits (in the form of an electronic signature), stated in such brief that he was “On the brief,” identified himself as “Attorney for Plaintiff,” gave his Georgia Bar number, his office address in Georgia, his office telephone number, and his office fax number, (government’s Addendum 3); Peter v. As-true, No. 3:07-cv-03785-JFA-JRM (D.S.C. May 5, 2008) (Docket Entry No. 14 at 35). Peter’s opening brief in support of her motion for attorneys’ fees under the EAJA states that Attorney Martin “spent approximately 6.70 hours representing plaintiff before the court....” Peter, No. 3:07-cv-03785-JFA-JRM (D.S.C. Sept. 15, 2008) (Docket Entry No. 21-1 at 2). In support of Peter’s motion for attorneys’ fees under the EAJA, Attorney Martin provided an affidavit, entitled “AFFIDAVIT OF COUNSEL FOR THE PLAINTIFF,” stating:
I am counsel for [Peter] in the above-entitled action. In representing [Peter] before the United States District Court I performed the services specified on the attached time summary.
(J.A. 308). He signed the affidavit (in the form of a handwritten signature) and identified himself as “Attorney for Plaintiff.” (J.A. 310). He also gave his Georgia Bar Number and office information. Id. The attached time summary reflected that Attorney Martin provided substantial ease management services, reviewed all filings in the case, drafted the opening brief (“including final proofing and revision”), and drafted Peter’s motion for recovery of fees under the EAJA. (J.A. 311).
In support of Peter’s motion for fees under the EAJA, Attorney Naides Martin provided an affidavit attesting to the following:
I provided legal services in support of the representation of Barbara C. Peter to Paul Townsend McChesney, lead counsel for the plaintiff'appellant in the above-entitled action. In representing Barbara C. Peter before the District Court, I spent the following amount of time: 23.00 hours.
(J.A. 312). Attorney Naides signed the affidavit (in the form of a handwritten signature) and identified herself as “Attorney for Plaintiff.” (J.A. 313). The same time summary submitted in support of the time spent by Attorney Martin in the case showed that Attorney Naides read the transcript from the administrative proceedings, drafted the statement of the *427 facts for Peter’s opening brief, performed legal research, drafted arguments for incorporation into Peter’s opening brief, and revised and edited such brief.
Priestley sought $6,661.57 in attorneys’ fees under the EAJA, for 38.80 hours of total attorney time, at $171.69 per hour. Of these 38.80 hours, McChesney performed 5.75 hours; Attorney Martin performed 8.55 hours; and Attorney Naides performed 24.50 hours.
Priestley and Attorney McChesney entered into a fee agreement at the inception of their attorney-client relationship, but Priestley never entered into a fee agreement with Attorney Martin or Attorney Naides. The fee agreement between Priestley and Attorney McChesney provided: “We can get other lawyers to help at no extra charge.” (J.A. 50). Moreover, it provided that “[associated lawyers assume joint responsibility for representation.” Id.
Attorney Martin signed the opening brief on the merits (in the form of an electronic signature), stated in such briefs that he was “On the brief,” identified himself as “Attorney for Plaintiff,” and gave his Georgia Bar number, his office address in Georgia, his office telephone number, and his office fax number, (government’s Addendum 4); Priestly v. Astrue, No. 6:08-ev-00546-GRA-WMC (D.S.C. Sept. 22, 2008) (Docket Entry No. 18 at 32). With the exception of the electronic signature, the same information is repeated in the reply brief on the merits.
Notably, by the time Priestley had filed her motion for fees under the EAJA, Attorneys Martin and Naides had been cautioned by the district court at least three times (in other Social Security disability appeals) against continuing to represent clients in the United States District Court for the District of South Carolina without applying for pro hac vice admission. Not surprisingly, when Attorney Martin drafted the brief in support of Priestley’s motion for fees under the EAJA, Attorney Martin changed his standard language in such brief, previously stating that he and Naides represented the plaintiff, to language characterizing his activity in the case as “providing brief writing services to Attorney Paul Townsend McChesney” and characterizing Attorney Naides’ activity in the case as “reviewing the transcript and preparing the statement of the case in support of Paul Townsend McChesney.” (J.A. 37). In the same brief, Attorney Martin states that he is “On the brief,” identifies himself as “Attorney for Plaintiff,” and gives his Georgia Bar number and other office information.
As he did in Davis and Peter, Attorney Martin entitled the affidavit that he provided in support of Priestley’s motion for attorneys’ fees under the EAJA as “AFFIDAVIT OF COUNSEL FOR THE PLAINTIFF.” (J.A. 44). However, similar to Attorney Martin’s change in the description of his activity in the brief in support of Priestley’s motion for attorneys’ fees under the EAJA, Martin changed his standard affidavit language to state:
I am an attorney providing brief writing services for Paul Townsend McChesney, attorney for [Priestley]. In support of [Attorney McChesney’s] representation of [Priestley] before the United States District Court I performed the services specified on the attached time summary.
(J.A. 44). He signed the affidavit (in the form of a handwritten signature) and identified himself as “Attorney for Plaintiff.” (J.A. 46). The attached time summary, which accounts for the time of Attorney Martin and Attorney Naides reflects the same division of labor as is found in the time summary in Peter.
*428 Attorney Naides’ affidavit in support of Priestley’s motion for attorneys’ fees under the EAJA states, in relevant part:
I provided legal services in support of the representation of Andria S. Priestl[e]y to Paul Townsend McChesney, counsel for the plaintiff/appellant in the above-entitled action. In support of Paul Townsend McChesney’s representation of Andria S. Priestl[e]y before the District Court, I spent the following amount of time: 24.50 hours.
(J.A. 48). Attorney Naides signed her affidavit (in the form of a handwritten signature): “Attorney for Plaintiff.” (J.A. 49).
Notably, neither Davis, Peter, nor Priestley ever sought fees under the EAJA for the time of Attorney Martin or Naides at a rate lower than that of Attorney McChesney. Indeed, the record reflects that throughout this litigation, the fees sought under the EAJA for the time of Attorney Martin and Naides have always been at the same rate as attorney time for Attorney McChesney. Moreover, the record makes abundantly clear that the Plaintiffs were seeking only attorneys’ fees for services rendered by Attorneys Martin and Naides at their normal hourly rate as attorneys under the EAJA fee scheme, as opposed to some lesser rate as would be awarded for mere behind-the-scene brief writing, paralegal services, or layman services.
Citing Local Civil Rule 83.I.05DSC, which requires attorneys who are not admitted to practice before the district court and who desire to appear before the district court to be admitted pro hac vice, the government argued that attorneys’ fees for Attorneys Martin and Naides should be compensated, if at all, at a lower hourly rate than McChesney, a position quite contrary to Attorney Martin’s and Attorney Naides’ demand for attorneys’ fees at then-normal hourly rate as attorneys under the EAJA fee scheme.
Of relevance in the present appeal, in all three cases, the district court agreed with the government that awarding attorneys’ fees under the EAJA for the work of Attorney Martin in Davis and Attorneys Martin and Naides in Peter and Priestley would be unjust, and therefore denied attorney fee awards in this regard under the EAJA. As noted previously, the same district court judge simultaneously ruled on Davis’ and Peter’s respective motions for attorneys’ fees under the EAJA, while a different district court judge subsequently ruled on Priestley’s motion for attorneys’ fees under the EAJA.
In Davis and Peter, the district court aptly described Attorney Martin as a “fixture” in the United States District Court for the District of South Carolina since 2003. (J.A. 224). As the district court correctly went on to state:
Though he has not filed a formal appearance as counsel of record in any case in this time period, he has filed briefs for plaintiffs in fifty-eight cases in this district. Forty-five of these cases have come in the last five years. In all of these cases, attorney Martin either signed court documents as “attorney for plaintiff,” filed affidavits in support of requests for attorney’s fees attesting that he was “counsel for the plaintiff in the above-entitled action” and that he “represented” the plaintiff before the district court, or both.
(J.A. 224). The district court listed all fifty-eight cases by name and civil action number in an attachment to its order. The district court next made the following findings of fact, which are undisputed:
In the cases in this district where attorney McChesney and attorney Martin have worked together, the case begins by attorney McChesney handling *429 the plaintiffs administrative case before the Social Security Commission. Should the plaintiff wish to appeal the commissioner’s decision, attorney McChesney files the appeal in the district court. When it comes time to brief the issues for the district court’s review, a subordinate in attorney Martin’s office — either an attorney or a paralegal — does the lion’s share of the work. Attorney Martin then reviews the work-product, as does attorney McChesney. Should a plaintiff win the appeal in the district court, the motion for attorney’s fees which follows outlines a distribution of work along the following lines: attorney McChesney averages about four to seven hours of work on the usual appeal; attorney Martin, about seven to twelve hours; and a subordinate attorney or paralegal, about twenty to thirty hours.
(J.A. 224-25).
In the district court’s view, Attorney Martin’s history in the District of South Carolina compelled the conclusion that Attorney Martin improperly sought the benefits of representing clients before the district court without being licensed to do so. Similarly, in an obvious reference to Local Rule 83.I.05DSC pertaining to appearances by attorneys not admitted to practice before the district court, the district court found that given Attorney Martin’s prolonged history in the district and the nature of his continuous contacts therein, “it would be intellectually disingenuous to characterize him as not having ‘appeared’ here.” (J.A. 230). The district court then stated that the certainty as to whether Attorney Martin would be admitted to the district pro hex vice was also in doubt in light of this history. Because Attorney Naides is a subordinate in Attorney Martin’s law firm and repeatedly held herself out via affidavit as representing various Social Security plaintiffs before the district court, the district court treated the conduct of Attorney Martin and Attorney Naides as inextricably intertwined and equally culpable.
Based upon the above factual circumstances, the district court then applied equitable principles to hold that awarding the attorneys’ fees requested under the EAJA for the attorney time of Attorney Martin and Attorney Naides would be unjust. The crux of the district court’s reasoning is as follows:
It is true that the EAJA does not make the entitlement to attorney’s fees contingent on an attorney’s being licensed. However, the question, as the court sees it, is whether the court is required to compensate an unlicensed attorney who improperly represents clients in this district as if the attorney were licensed to practice law in this district. The court finds that public policy commands this answer to be “no.” The EAJA requires that an attorney’s fee be reasonable and that it be awarded “based upon prevailing market rates for the kind and quality of services furnished.” § 2412(d)(2)(A). Public policy commands that there be no market for attorneys’ services which flout a jurisdiction’s licensure rules.
(J.A. 399-400).
Priestley filed her motion for fees under the EAJA one month after the district court had ruled upon Davis’ and Peter’s applications for attorneys’ fees under the EAJA. The government opposed any award of attorney’s fees to Priestley for the attorney time of Attorney Martin and Attorney Naides on the same ground that it opposed any award of fees under the EAJA for the attorney fees of Attorney Martin in Davis and Attorneys Martin and Naides in Peter. Of relevance in the present appeal, the government opposed the district court awarding Priestley any attor *430 neys’ fees under the EAJA for the attorney time of Attorney Martin and Attorney Naides on the ground that neither were members of the Bar of the district court, neither had filed for admission pro hac vice in the case, and, in four cases since May 2008, the district court (via various judges) had cautioned Attorneys Martin and Naides about continuing to hold themselves out as representing clients in federal district court in South Carolina without applying for admission pro hac vice. Thompson v. Comm’r of Soc. Sec., No. 0:07-1424-RBH (D.S.C. May 13, 2009); Tadlock v. Comm’r of Soc. Sec., No. 8:06-3610-RBH (D.S.C. April 9, 2009); Freeman v. Astrue, No. 0:06-02255-TLW-BM at 2 (D.S.C. July 24, 2008); Pace v. Astrue, No. 9:07-00546-SB (D.S.C. May 9, 2008).
Expressly following the reasoning of the district court in Davis and Peter with respect to the requests for attorneys’ fees under the EAJA for Attorney Martin and Attorney Naides, the district court in Priestley, denied Priestley the attorneys’ fees requested under the EAJA with respect to the attorney time of Attorney Martin and Attorney Naides.
II.
In relevant part, the EAJA provides that “a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that ... special circumstances make an award unjust.” 28 U.S.C. § 2412(d)(1)(A). Here, in denying attorneys’ fees for the attorney time of Attorneys Martin and Naides in the present cases, the district court held that special circumstances made the award of attorneys’ fees for such time unjust.[2] We review these rulings for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).
In my view, the district court did not abuse its discretion. The special circumstances provision of the EAJA is grounded in equity, such that it “explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party.” United States v. 27.09 Acres of Land, More or Less, Situated in the Town of Harrison and the Town of North Castle, 43 F.3d 769, 772 (2d Cir.1994) (internal quotation marks omitted). As the legislative history of the EAJA makes clear, the special circumstances provision “gives the court discretion to deny awards where equitable considerations dictate an award should not be made.” H.R.Rep. No. 96-1418, at 11, 1980 U.S.C.C.A.N. at 4990 (1980). The doctrine of unclean hands is a traditional equitable consideration, Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814-15, 65 S.Ct. 993, 89 L.Ed. 1381 (1945), the theme of which pervades the jurisprudence of “special circumstances” under the EAJA, Air Transport Ass’n of Canada v. F.A.A., 156 F.3d 1329, 1333 (D.C.Cir.1998). See, e.g., Oguachuba v. INS, 706 F.2d 93, 99 (2d Cir.1983) (denying attorneys’ fees under the special-circumstances-make-an-award-unjust exception under the EAJA, because, in classic equity terms, prevailing party was without clean hands). The doctrine of unclean hands applies to deny a party relief when there is a close nexus between the party’s unethical conduct and the transactions upon which the party seeks relief. In re Uwimana, 274 F.3d 806, 810 (4th Cir. 2001). Notably, “[cjourts are concerned primarily with their own integrity in the *431 application of the clean hands maxim and even though not raised by the parties the court will of its own motion apply it.” Gaudiosi v. Mellon, 269 F.2d 873, 881 (3d Cir.1959).
The first critical point that must be made in support of the district court’s denial of attorneys’ fees under the EAJA for the attorney time of Attorneys Martin and Naides is that Attorneys Martin and Naides are the real parties in interest. The respective fee agreements between Davis, Peter, and Priestley on the one hand and McChesney on the other hand each made clear that the plaintiff would not be liable for the attorneys’ fees of any attorney that Attorney McChesney enlisted to help in the case. Thus, while “ ‘[rightfully, courts are reluctant to punish a client for the behavior of his lawyer,’ ” Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir.1978), Plaintiffs suffered no prejudice from the rulings challenged here.
The second critical point is that the record leaves no doubt that in refusing to award attorneys’ fees under the EAJA for the attorney time of Attorneys Martin and Naides, the district court invoked the equitable doctrine of unclean hands to protect the integrity of the court. As the majority opinion acknowledges, ante at 413, district courts have authority to regulate the practice of law before them.[3] See 28 U.S.C. § 1654 (authorizing federal courts to make rules regulating the admission of attorneys to practice before them); id. § 2071(a) (“The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title.”); Fed.R.Civ.P. 83 (recognizing and regulating power of district court, acting through majority of its district' judges, to adopt and amend rules governing its practice). Because neither Attorney Martin nor Attorney Naides are members of the Bar of the Supreme Court of South Carolina, neither is eligible for admission to the Bar of the district court. Local Civil Rule 83.I.02DSC. The only avenue by which they may validly appear before the district court as attorneys is pursuant to Local Civil Rule 83.-I.05DSC, entitled “Appearances by Attorneys not Admitted in the District,” which rule provides, in relevant part:
(A) Upon motion of an attorney admitted to practice before this Court, any person who is a member in good standing of the Bar of a United States District Court and the Bar of the highest court of any state or the District of Columbia may be permitted to appear in a particular matter in association with a member of the Bar of this Court ...
(B) The appearance of an attorney pursuant to this Rule shall confer jurisdiction upon this Court for any alleged misconduct in any matter related to the action for which the appearance is allowed. The Court may revoke admission under this Local Civil Rule at its discretion.
(A) This Rule is intended to allow for occasional appearances by attorneys who do not conduct a substantial portion of their practices in this District. It is not intended to substitute for regular admission to the Bar of this Court. In determining whether admission under this Rule would violate its intended purpose, the Court may consider, inter alia, whether the attorney resides in South *432 Carolina (and, if so, the length of the residence), the frequency with which the attorney appears in the state’ and federal courts located in this state, the proportion of the attorney’s practice attributable to cases filed in South Carolina, and other factors....
Local Civil Rule 83.I.05DSC (emphasis added). In Latin, this rule permits attorneys not admitted to practice before the district court to appear before the court “pro hac vice,” which means “[flor this occasion or particular purpose.” Black’s Law Dictionary 1227 (7th ed.1999).
Notably, the validity and enforceability of Local Civil Rule 83.I.02DSC and Local Civil Rule 83.I.05DSC, at all times relevant to the present cases, are beyond dispute. The Judicial Council of the United States Court of Appeals for the Fourth Circuit is statutorily charged with periodically reviewing the local rules of all district courts within the Fourth Circuit for consistency with the rules prescribed by the United States Supreme Court under 28 U.S.C. § 2072, see id. § 332(d)(4), for example, for consistency with the Federal Rules of Civil Procedure. If, during the course of such review, the Judicial Council of the Fourth Circuit finds an inconsistency in a local rule of a district court within the Fourth Circuit, it “may modify or abrogate any such rule....” Id. Because, as of the time of this writing, the Judicial Council of the Fourth Circuit has neither modified nor abrogated Local Civil Rule 83.I.02DSC or Local Civil Rule 83.I.05DSC, they “remain in effect,” 28 U.S.C. § 2071(c)(1).
The record is also undisputed that Attorneys Martin and Naides did not apply, pursuant to Local Civil Rule 83.I.05DSC, to appear pro hac vice before the district court in the present cases. Indeed, as the majority acknowledges, they suggest they would not have qualified to appear pro hac vice because they associated with MeChesney too regularly to satisfy the “occasional appearance” requirement of Local Civil Rule 83.I.05DSC.
Moreover, the district court did not clearly err in finding that Attorneys Martin and Naides appeared before the district court, as the term “appearance of an attorney” is found in Local Civil Rule 83.-I.05DSC. While the Local Civil Rules of the United States District Court for the District of South Carolina do not define the term “appearance of an attorney” nor give any examples of attorney conduct qualifying as appearing before the district court, Black’s Law Dictionary (6th ed.1990), upon which we routinely rely as persuasive authority, see e.g., Mining Energy, Inc. v. Director, OWCP, 391 F.3d 571, 575 (4th Cir.2004), defines the almost identical term “[ajppearance by attorney” as:
An act of an attorney in prosecuting an action on behalf of his client. Document filed in court in which attorney sets forth fact that he is representing a party to the action.
Black’s Law Dictionary 97 (6th ed.1990). Consistent with this definition, affixing a name to a pleading or a brief has been interpreted by the Supreme Court of Nebraska as evincing intent to be involved in the litigation:
The purpose of resident counsel joining with nonresident counsel is obvious. It is to insure that the nonresident counsel will be associated with a counsel involved in the litigation who is knowledgeable and familiar with the laws and practices of this state. By permitting his name to be affixed to a pleading or brief, a resident lawyer represents to this court that he is a part of the litigation and a counsel of record. Accordingly, he should be held accountable for the transaction of the litigation to the full extent as if there were no non *433 resident counsel. A resident lawyer should not permit his or her name to be affixed to pleadings or briefs unless he or she intends to be involved in the litigation and familiar with the actions taken by nonresident counsel.
Emry v. Am. Honda Motor Co., Inc., 214 Neb. 435, 334 N.W.2d 786, 793 (1983) (emphasis added) (internal quotation marks omitted).
While neither Attorney Martin nor Attorney Naides filed a formal document stating that he or she was attorney of record in the present cases, see, e.g., 1(c) of JS44 civil cover sheet, approved by the Judicial Conference of the United States in 1974 (Rev.03/99), when the record is viewed as a whole, including the prior Social Security cases noted on the district court’s attachment to its order in Davis and Peter, each certainly engaged in sufficient affirmative conduct to support the district court’s factual finding that each had appeared before the district court in a manner sufficient to trigger the need to file for admission pro hac vice, pursuant to Local Civil Rule 83.I.05DSC. Accordingly, there is no basis for us to hold the district court clearly erred in this regard. United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948) (“A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.”). Moreover, had the district court awarded the attorneys’ fees requested for Attorneys Martin and Naides, the district court would have allowed such attorneys to reap the benefits of their wrongdoing. This is the very type of injustice the doctrine of unclean hands is meant to prevent and for which the special-circumstanees-make-anaward-unjust exception under the EAJA applies. See In Re Uwimana, 274 F.3d at 810-11 (doctrine of unclean hands applies to prevent party from using courts to reap benefits of wrongdoing). Thus, the district court acted well within its discretion in applying the equitable doctrine of unclean hands to prevent Attorneys Martin and Naides from reaping the benefits of their own wrongdoing.
One of two fundamental analytical errors underlying the analysis of the majority opinion is the “belie[f] that the district court improperly linked the requirements for the practice of law in the district court with the requirements of the EAJA, thus limiting the scope of fees that the EAJA otherwise' authorizes.” Ante at 416. Not surprisingly, no legal authority supports the majority’s belief; indeed, the majority cites none. Moreover, the majority’s belief finds no support in the language of the Local Rules or the EAJA. In fact, the open-ended language of the EAJA’s special circumstances exception and the EAJA’s legislative history emphasizing the exception’s equitable purposes is wholly inconsistent with the majority’s belief and its related conclusion that the issues of out-of-state attorneys violating the local rules of the district court and the entitlement to an award of attorneys’ fees under the EAJA for the work of such attorneys “should not be so mixed, at least in the circumstances of this case, as they actually are separate matters.” Ante at 416. In conclusion, while the district court certainly had the authority to handle the matters of Attorney Martin’s and Naides’ misconduct before it separately from its ruling on the Plaintiffs’ motions seeking recovery of attorneys’ fees under the EAJA for their attorney time, there is no persuasive authority, let alone binding authority, suggesting that the district court abused its discretion in handling the issues simultaneously as it did.
In its eagerness to ensure that Attorneys Martin and Naides are paid for their *434 time in the present cases, the majority opinion materially miseharacterizes their role in the present cases as “quite limited,” ante at 416-17, ie., as mere brief writers or something other than lawyers, once again contrary to their claims before the district court as noted herein. Thus, the second fundamental analytical error underlying the analysis of the majority opinion is the majority’s premise that Attorneys Martin and Naides only provided behind-the-scenes brief writing services to Attorney McChesney, without addressing the conduct of Attorneys Martin and Naides amounting to appearances in the district court requiring admission via a pro hac vice motion, pursuant to Local Civil Rule 83.I.05DSC. In stark contrast to Plaintiffs’ characterization on appeal of Attorney Martin’s and Attorney Naides’ involvement in these cases below as limited to behind-the-scenes brief writing, which characterization the majority has accepted wholesale and without analysis, see ante at 413 (“[W]e conclude that the use of nonadmitted lawyers for brief writing services does not present a ‘special circumstance’ sufficient to deny a fee award as ‘unjust’ under the EAJA.”), the undisputed evidence reflects their active representation of the Plaintiffs before the district court, constituting an appearance before the district court (requiring admission via a pro hac vice motion, pursuant to Local Civil Rule 83.I.05DSC.), which is a far cry from the majority’s English professor example, see ante at 416-17, and the strictly legal consultant role of the law professor at issue in Dietrich Corp. v. King Res. Co., 596 F.2d 422 (10th Cir.1979), the bankruptcy case upon which the majority opinion unavailingly relies, see ante at 417.
First, without exception, in the fee affidavits submitted by Attorneys Martin and Naides, each represented to the district court that he or she was an attorney for the plaintiff. Second, in many instances, Attorney Martin signed briefing or permitted briefing to be filed stating that he was an attorney for the plaintiff and including all of his office contact information and Georgia Bar number. In the fee affidavits submitted by Attorney Martin in Davis and Peter, Attorney Martin declared under penalty of perjury that he represented the plaintiff before the district court. Attorney Naides did the same thing in Peter. Third, in the fee affidavits filed in numerous previous cases, Attorneys Martin and Naides each declared under penalty of perjury that he or she represented the plaintiff before the district court, such that a well-documented pattern of these attorneys’ Local Rule violating conduct exists. Because the sources of these inculpatory statements are Attorneys Martin and Naides themselves, they constitute highly probative evidence that Attorneys Martin and Naides appeared before the district court in violation of Local Civil Rule 83.-I.05DSC. See Roberts v. LaConey, 375 S.C. 97, 650 S.E.2d 474 (2007) (in determining whether someone is practicing law, it is important to consider representations the person makes about his own activity). Fourth, the time records reflect that Attorney Martin was the person who primarily managed the cases of the Plaintiffs before the district court, including monitoring deadlines and reviewing all filings. Fifth, while I recognize that the case for appearance before the district court of Attorney Martin is stronger than that of Attorney Naides, the record suggests that Attorney Naides agreed with Attorney Martin regarding the manner in which their law firm would handle these Social Security cases.[4] Such agreement logically *435 brings into play by analogy the concept of civil conspiracy, making Attorney Naides equally culpable for the improper conduct of Attorney Martin. Cf Restatement (Second) of Torts § 876 (1979) (Persons Acting in Concert). All of these facts are inconsistent with the assertion that Attorneys Martin and Naides provided only brief writing services for Attorney McChesney and serve to materially distinguish the majority opinion’s English professor example. They also serve to materially distinguish Dietrich Corp., 596 F.2d at 423, the case upon which the majority extensively relies in which the law professor at issue provided only legal consulting services and did not violate any local court rule. Also severely undercutting the credibility of the majority opinion is the fact that the majority opinion completely ignores the posture of the Plaintiffs’ respective motions for attorneys’ fees. Specifically, the motions themselves, including the attachments, make abundantly clear that the Plaintiffs were seeking only attorneys’ fees for services rendered by Attorneys Martin and Naides at their normal hourly rate as attorneys under the EAJA fee scheme, as opposed to some lesser rate as would be awarded for brief writing or other legal services by, for example, paralegals or layman.
In summary, when one views the record as a whole, the picture becomes crystal clear that Attorneys Martin and Naides were not content to be mere behind-the-scene brief writers, who did not actually represent the Plaintiffs. Rather, they wanted to hold themselves out before the district court, the district court Bar, other fellow attorneys, and potential Social Security claimants as attorneys who represent Social Security claimants before the district court. Professional ego and the motivation to create and seize commercial opportunity were obviously at play. To permit Attorneys Martin and Naides to obtain court ordered fees for services performed in violation of Local Civil Rule 83.I.05DSC, as the majority opinion does, condones, if not encourages, the same wrongful behavior and nullifies such local rule.[5] This the special-eircumstancesmake-an-award-unjust exception under the EAJA unquestionably applies to prevent.
Finally, the fact that other district judges in the same district court have previously awarded attorney fees under the EAJA to Attorneys Martin and Naides at their requested full hourly attorney rate is worthy of addressing. For example, in Cloumey v. Astrue, No. 8:07-856-CMC-BHH (D.S.C.), United States District Judge Cameron McGowan Currie awarded fees under the EAJA to Attorneys Martin and Naides at their requested full hourly attorney rate. Id. (Docket Entry No. 33) (D.S.C. Sept. 15, 2008). In so doing, Judge Currie rejected the government’s argument that because non-admitted At *436 torneys Martin and Naides did not seek pro hac vice status, they should not be paid at an attorney rate. In so rejecting, Judge Currie “conclude[d] that the use of contract attorneys not admitted to practice before this court does not preclude recovery at an attorney rate where the contract attorneys merely assisted in drafting documents.” (Exhibits to Opening Br. of Priestley at 12). In Davis and Peter, Judge Joseph F. Anderson expressly stated that he did not quarrel with this conclusion. However, he persuasively reasoned that when a non-admitted attorney’s conduct in the district court’s jurisdiction amounts to appearing in the jurisdiction, pro hac vice admission is required. Moreover, a district court decision such as Clowney “which has not withstood the acid test of appellate review cannot be regarded as authoritative, much less dispositive. ...” Bank of Marin v. England, 352 F.2d 186, 189 n. 1 (9th Cir.1965), rev’d on other grounds, 385 U.S. 99, 87 S.Ct. 274, 17 L.Edüd 197 (1966); see also Jensen v. Conrad, 570 F.Supp. 91, 106-07 (D.S.C. March 4, 1983) (quoting same from Bank of Marin, 352 F.2d at 189 n. 1). Finally, any aid that Clowney could provide Attorneys Martin and Naides in the equitable calculus is completely nullified by the following facts showing the pair had ample notice that their modus operandi in Social Security disability cases before the district court violated Local Civil Rule 83.I.05DSC, prior to their seeking attorneys’ fees under the EAJA in the present cases: (1) prior to the filing of motions for attorneys’ fees in Davis, Peter, and Priestley, a different district court judge strongly recommended that Attorneys Martin and Naides apply for pro hac vice admission if they engage in the preparation of briefs on behalf of a client they hold themselves out as representing in the district court, Pace v. As-true, No. 9:07-00546-SB (Docket Entry No. 35 at 2 n. 1) (D.S.C. May 9, 2008); (2) prior to the filing of motions for attorneys’ fees in Peter and Priestley, yet another district court judge granted a Social Security disability claimant fees under the EAJA for the attorney time of Attorneys Martin and Naides, but warned that it “may consider reducing the rate of out of state counsel” if out of state counsel did not seek pro hac vice admission in the future, Freeman v. Astrue, No. 0:06-02255-TLW (Docket Entry No. 25 at 2) (D.S.C. July 24, 2008); and (3) prior to Priestley filing her motion for attorneys’ fees, a third district court judge twice cautioned Attorneys Martin and Naides against continuing to represent clients in the district court without applying for admission pro hac vice, Thompson v. Comm’r of Soc. Sec., No. 0:07-1424-RBH (Docket Entry No. 35 at 3-4) (D.S.C. May 13, 2009); Tadlock v. Comm’r of Soc. Sec., No. 8:06-3610-RBH (Docket Entry No. 28 at 4) (D.S.C. April 9, 2009). Notably, the majority opinion virtually ignores these unambiguous prior warnings received by Attorneys Martin and Naides, which put them on fair notice that their actions violated Local Civil Rule 83.I.05DSC. Relatedly, I also note that, unable to make a case that the district court clearly erred in finding that Martin and Naides violated Local Civil Rule 83.I.05DSC, with respect to their conduct in the present cases, the majority attempts to downplay such finding by characterizing the violations as “quite thin and, at most, of a technical nature,” ante at 418. The attempt is without effect, because the record evidence, as set forth in detail herein, amply demonstrates that the violations were flagrant and followed a well-documented history of the same violative behavior in over fifty Social Security cases in the district court.
In conclusion, for the reasons stated, I would affirm the orders appealed in toto. *437 Specifically, I would affirm the district court’s reduction of the rate at which Attorney McChesney was compensated for travel time in Davis and affirm the district court’s refusal to award Davis attorney fees under the EAJA for the attorney time of Attorney Martin and its refusal to award Peter and Priestley attorneys’ fees under the EAJA for the attorney time of Attorneys Martin and Naides.

. United States District Judge Joseph F. Anderson heard and decided Davis' and Peter's appeals, while United States District Judge G. Ross Anderson heard and decided Priestley’s appeal. Unless noted, any reference to “the district court” in this opinion refers to the United States District Court for the District of South Carolina.

. Notably, any issues regarding Attorney Naides are not implicated in Davis. However, for ease of reading, my analysis will not make this distinction.

. By application of the Supremacy Clause, South Carolina law does not regulate the practice of law in federal district court. U.S. Const, art. VI, cl.2; Sperry v. Florida ex rel. Florida Bar, 373 U.S. 379, 385, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).

. For example, in her affidavit in support of the plaintiff's motion for attorneys' fees under the EAJA in Tailock v. Barnhart, 8:06-3610-RBH (a case listed on Attachment A of Judge *435 Joseph F. Anderson’s order denying attorneys’ fees for the attorney time of Attorneys Martin and Naides in Davis and Peter), Attorney Naides stated under penalty perjury that she represented the plaintiff before the district court and that Attorney Martin was "lead counsel” for the plaintiff. Id. (Docket Entry 20-4 at 1) (May 2, 2008). She signed the affidavit (in the form of a hand written signature) as "Attorney for Plaintiff.” Id. at 2.

. Unfortunately, the majority’s nullification of Local Civil Rule 83.I.05DSC also nullifies similar run-of-the-mill local district court rules in this circuit, see, Local Civil Rule 101— DMD; Local Civil Rule 83.1.E.1-EDNC; Local Civil Rule 83.1.D.1-MDNC; Local Civil Rule 83.1.D.1-WDNC; Local Civil Rule 83.1.D.1-EDVA; Local Civil Rule 6.D-WDVA; Local Civil Rule 83.02-NDWV; Local Civil Rule 83.6-SDWV; and threatens other run-of-the-mill local district court rules in our sister circuits, see, e.g., Local Civil Rule 83.1.B-MDAL; Local Civil Rule 83.4.B-SDGA.