**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1190**

_____

VICTORIA PHILLIPS,

             Plaintiff - Appellant,

        v.

SOCIAL SECURITY ADMINISTRATION,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Stephanie  A.  Gallagher,  Magistrate
Judge.  (1:12-cv-01441-SAG)

_____

Submitted:  July 15, 2013          Decided:  August 9, 2013

_____

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

Victoria  Phillips,  Appellant  Pro  Se.   Alex  Gordon,  Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oklahoma resident Victoria Phillips appeals the magistrate judge's orders[1] dismissing her civil action for lack of subject matter jurisdiction and denying her self-styled "Plaintiff Clarification to Court Jurisdiction," which we construe as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment. Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978). The magistrate judge dismissed Phillips' action with prejudice. We affirm as modified.

In her action filed in the district of Maryland, Phillips alleged that, following an injury, the Social Security Administration approved her application for worker's compensation benefits but never paid those benefits to her. She sought enforcement of an alleged decision by the Commissioner of Social Security approving the payment of benefits. In response, the Social Security Administration moved to transfer venue to the district of Oklahoma, in accordance with 42 U.S.C. § 405(g).[2]

---

[1] The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C.A. § 636(c)(1) (West 2006 & Supp. 2013).

[2] Section 405(g) provides in relevant part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the

(Continued)

2

The Social Security Administration maintained that Phillips had been recently denied supplemental security income under Title XVI of the Social Security Act.

The magistrate judge denied the Social Security Administration's motion to transfer venue. The magistrate judge also construed Phillips' allegations as a claim for worker's compensation benefits and determined that Phillips did not satisfy the amount-in-controversy requirement of 28 U.S.C.A. § 1332 (West 2006 & Supp. 2013). Accordingly, the magistrate judge dismissed the action with prejudice for lack of subject matter jurisdiction.

After review of the record, we agree that the district court lacked subject matter jurisdiction to consider Phillips' claim. In essence, Phillips and the Social Security Administration seek clarification over the same controversy: the payment of Social Security benefits by the Commissioner of Social Security to Phillips. The parties differ, however, as to the relevant time frame for when such a determination was made.

---

> mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

42 U.S.C. 405(g).

Because the parties essentially seek to review alleged decisions made by the Commissioner of Social Security, jurisdiction of this case is governed by § 405(g). Phillips has not alleged that she either resides in Maryland or has her principal place of business in Maryland. The district court thus lacked subject matter jurisdiction over her action.

However, since the dismissal of an action for lack of subject matter jurisdiction is not a decision on the merits, such dismissal should be without prejudice. S. Walk at Broadlands Homeowner's Assoc., Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013). We therefore modify the magistrate judge's dismissal order to reflect that the dismissal is without prejudice, and we affirm the dismissal as modified. 28 U.S.C. § 2106 (2006); MM ex rel. DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED