**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7433**

STEVEN LEE SCHARR,

             Petitioner - Appellant,

        v.

STEPHANIE HOLLEMBEAK,

             Respondent – Appellee,

        and

UNITED STATES OF AMERICA,

             Respondent.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:16-hc-02025-BO)

Submitted: January 31, 2017         Decided: February 3, 2017

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Steven Lee Scharr, Appellant Pro Se. Christina Ann Kelley, BUREAU OF PRISONS, Butner, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pending before the court is the district court's order granting what it construed as Steven Lee Scharr's Fed. R. Civ. P. 41 motion to voluntarily dismiss Scharr's 28 U.S.C. § 2241 (2012) petition, as well as Scharr's application to proceed in forma pauperis. After the district court dismissed the § 2241 petition, Scharr filed a letter on October 17, 2016,* explaining that he did not want to dismiss his § 2241 petition (October 17th correspondence). The district court construed the October 17th correspondence, which was filed only ten days after the district court dismissed Scharr's petition, as a notice of appeal.

In light of Scharr's assertion that he did not intend to voluntarily dismiss his § 2241 petition, the district court should have construed the October 17th correspondence as a Fed. R. Civ. P. 59(e) motion for reconsideration of the dismissal order. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (holding, under a prior version of Rule 59(e), that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that

---

* Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's notice of appeal is considered filed when it is delivered to prison authorities for mailing to the court).

judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

Accordingly, we grant Scharr's application to proceed in forma pauperis and order a limited remand directing the district court to promptly docket Scharr's October 17th correspondence as a Rule 59(e) motion and to consider the motion on its merits. If either party is dissatisfied after the district court disposes of the Rule 59(e) motion, any appeal from the district court's final order will be consolidated with this appeal. Regardless of the outcome of the Rule 59(e) motion, the record, as supplemented, will be returned to this court for further consideration.

In ordering this remand, we express no opinion as to the merits of the Rule 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

REMANDED