**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6617**

_____

JARREL LEE JOHNSON,

        Petitioner - Appellant,

    v.

WARDEN MARLBORO COUNTY DETENTION CENTER,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  R. Bryan Harwell, Chief District Judge.  (5:22-cv-03170-RBH)

_____

Submitted:  October 31, 2023                    Decided:  November 3, 2023

_____

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Jarrel Lee Johnson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarrel Lee Johnson, a state pretrial detainee, seeks to appeal the district court's order and judgment accepting the recommendation of the magistrate judge and denying relief on Johnson's 28 U.S.C. § 2241 petition. The magistrate judge recommended that relief be denied and advised Johnson that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation. On April 10, 2023, the district court noted that Johnson failed to file timely objections, adopted the report and recommendation, and dismissed the § 2241 petition without prejudice. Johnson filed a letter docketed as a reply on April 28, 2023, claiming that he did respond to the report and recommendation. The court has taken no action in response to the reply. "'[I]f a post-judgment motion is [timely] filed . . . and calls into question the correctness of that judgment it should be treated as a motion under [Fed. R. Civ. P.] 59(e), however it may be formally styled.'" *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Thus, Johnson's reply is properly construed as a timely-filed Rule 59(e) motion.

The timely filing of a Rule 59(e) motion tolls the appeal period until the motion is resolved. A notice of appeal filed before the district court resolves the Rule 59(e) motion becomes effective after the motion is resolved. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). Accordingly, we order a limited remand directing the district court to docket Johnson's reply as a Rule 59(e) motion and to consider the motion on its merits. If either party is

2

dissatisfied after the district court disposes of the Rule 59(e) motion and timely files a notice of appeal or amends its current notice, Fed. R. App. P. 4(a)(4)(B)(ii), any appeal from the district court's final order will be consolidated with this appeal. Regardless of the outcome of the Rule 59(e) motion, the record, as supplemented, will be returned to this court for further consideration.

In ordering this limited remand, we express no opinion as to the merits of the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REMANDED*